OTTO F. MILLER v. WILLIAM C. HOWELL ET AL.

SUPERIOR COURT      TOLLAND COUNTY      FILE No. 4967

Memorandum filed November 22, 1946.

*Frederick R. Manning,* of Hartford, for the Plaintiff.

*William M. Harney,* of Hartford, for the Defendants.

ALCORN, J. The plaintiff seeks in this action to recover possession of real estate and damages, claiming title by deed. The defendant claims to be the grantee of the property by warranty deed from one Willard, who foreclosed a mortgage thereon given by the plaintiff. The plaintiff's action, while sounding in ejectment, is in actuality an attempt to attack collaterally the foreclosure judgment rendered by this court seven year ago. The ground of attack is that process in the foreclosure action was served by a constable to whom it was not directed.

The property in dispute was purchased by the plaintiff by warranty deed dated September 23, 1935. On the same date the plaintiff mortgaged the property to one Willard. By writ and complaint dated October 19, 1938, the mortgagee brought an action to the Superior Court to foreclose the mortgage,

naming the plaintiff and a subsequent encumbrancer as defend-ants. About a month before the action was instituted the plaintiff had moved out of the mortgaged premises and was then living in Hartford, Connecticut. Process in the foreclosure action was directed to the sheriff of the county of Tolland, his deputy, or either of the constables of the town of Coventry, within said county. The writ described the present plaintiff, who was a defendant in the foreclosure action, as a resident of Coventry in Tolland County. This had been his residence while he was living on the property in dispute but from which he had moved to Hartford, as already indicated.

The return on the writ is subscribed by a constable of Man-chester, Hartford County, Connecticut, and recites personal service upon the present plaintiff, then the defendant, by leav-ing a true and attested copy of the process in his hands. There-after the present plaintiff did not appear in the foreclosure action and judgment therein was rendered against him by this court on May 8, 1939. The judgment file finds that services was duly made upon the present plaintiff as a defendant in that action.

In the interim the plaintiff had lived in Hartford from the latter part of September or early in October, 1938, until August or September of 1939. The law day fixed for him to redeem in the foreclosure action was Sep-tember 5, 1939. From August or September, 1939, until 1943, he lived out of the state, but returned to Coventry in 1943 and lived from then until 1945 about two hundred yards from the foreclosed property. During all that period he never went on the property and has never made any claim to it except by the present action, which was begun on October 24, 1944.

In the meantime the mortgagee had taken possession of the property in 1939, had made substantial improvements upon it to convert it from a rather crude summer cottage to a year-round house with central heating, plumbing, and running water, and on July 24, 1942, had sold it to the defendants, who have been in possession since August 1, 1942.

The primary consideration is whether the plaintiff under these circumstances should now be permitted to attack the foreclosure judgment merely because a return of service of the process therein was made by a constable to whom it was not directed.

No citation of authority is needed for the proposition that judgments, particularly with relation to real estate title, must have the utmost permanency consistent with justice. While litigants are entitled to have a remedy against erroneous or unwarranted judgments, the law affords them ample relief by direct action taken in timely fashion. Where such remedy is not availed of the judgment should be, and is, invulnerable unless it is entirely invalid and that fact is disclosed by the record itself. *Hall* v. *Hall,* 91 Conn. 514.

In cases involving irregularity of service of process the vital consideration is whether or not the defendant was in fact served. The fundamental purpose of service is notice to the interested party so that he may have an opportunity to be heard. Courts are not disposed to listen to fine spun technicalities from a party who cannot show that process did not reach him. *Freeman, Judgments,* § 342; 31 Am. Jur., § 598.

The plaintiff in this case does not raise the issue that he did not have notice of the foreclosure and I am satisfied that he did have notice of it and a full opportunity, if he wished, to appear and defend. That factis superfluous, however, because the court found in that action the requisie jurisdictional facts and consequently a presumption arises that the necessary jurisdictional facts were proven so than the judgment cannot be collaterally attacked. 1 *Freeman, Judgments,* § 350.

It should be observed further that the defect here complained of was subject to amendment. General Statutes, § 5541. Consequently it was voidable at most, and not void, and therefore would furnish no ground for collateral attack.

Judgment may enter in favor of the defendants.