LAMPSON LUMBER COMPANY, INC. *v.*
ROBERT C. HOER, JR.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued October 10—decided December 2, 1952

*Charles Albom,* with whom, on the brief, was *Nelson Harris,* for the appellant-appellee (defendant).

*Charles J. Parker,* with whom were *John H. Filer* and, on the brief, *John B. Grant,* for the appellant-appellee (plaintiff).

BROWN, C. J. The plaintiff's action is one of debt on judgment. The answer of the defendant is a general denial and a special defense alleging that

he was not served with process and did not receive notice of the pendency of the original action. This is denied by the plaintiff's reply. The court rendered judgment for the plaintiff. The defendant has appealed. The plaintiff has filed a cross appeal which does not challenge the correctness of the judgment but does assert that the court erred in admitting parol evidence of certain facts concerning what had been done to effect service upon the defendant in the original action. In the view which we take of the case the determination of this question is decisive of both appeals. We restrict our discussion accordingly.

The facts material upon this issue are substantially undisputed and may be thus summarized: On October 7, 1932, a judgment in favor of the plaintiff against the defendant was entered in the Court of Common Pleas for New Haven County in the amount of $914.32 and costs. The deputy sheriff's return in that action recites: "On the 18th day of July, 1932 I left a true and attested copy of the within writ, summons and complaint with my doings thereon endorsed at the usual place of abode of the defendant, Robert C. Hoer, Jr., 22 Parmelee Avenue. John J. Maley, Deputy Sheriff." The defendant made no appearance and, after he had suffered a default, judgment was entered against him. This judgment was never satisfied and the present action was brought on it.

On July 18, 1932, and for some years prior thereto, the defendant maintained a residence at 22 Parmelee Avenue, New Haven, in a house owned by his wife. It was at this address that he was registered as a voter. In the year 1932, as well as in prior and subsequent years, the defendant and his family lived in a summer cottage at 30 Catherine Street, East Haven, from May 30 until October 1. About 1942,

he received a letter from the plaintiff stating that it owned the judgment of 1932 and that it was time something was done about it. The present action was brought October 6, 1949, returnable to the first Tuesday of November, 1949. The court concluded that the defendant had a usual place of abode for the purpose of the service of process at 22 Parmelee Avenue, New Haven, on July 18, 1932, and that due service of the process in the original action was made on him by the copy left there by the sheriff as recited in his return. The court rendered judgment for the plaintiff to recover of the defendant $2000, comprising the original judgment and costs plus interest, the full amount of the ad damnum.

The court allowed the defendant, over the plaintiff's objection, to testify that from May 30, 1932, to the following October 1 he resided with his wife and four children at the summer home at 22 Catherine Street, East Haven, and that he never received a copy of the original writ and complaint and did not learn of the rendition of the judgment until 1942, although periodically, while the family lived at the summer home, someone would go to the Parmelee Street address to see if mail had been left there. This testimony was admitted after the court had granted a continuing exception in response to a blanket objection by the plaintiff on the ground that it constituted the offering of extrinsic evidence to impeach the judgment by collateral attack. The question for determination is whether the court erred in overruling the objection and admitting this evidence. The defendant doubtless could have, in this action, made a direct attack upon the former judgment. This could have been done by filing a cross complaint with a prayer seeking to invalidate the judgment or to restrain the plaintiff from en-

forcing it. The defendant, however, did not follow that course. By resting on an answer alone, he did no more than attempt to resist the enforcement of the judgment without obtaining either an adjudication invalidating it or an injunction against the plaintiff's suing upon it. His, therefore, was a collateral and not a direct attack on the judgment. See *Hall* v. *Hall*, 91 Conn. 514, 521, 100 A. 441; *Palmer* v. *Palmer*, 31 F. Sup. 861, 870; *Miller* v. *Howell*, 14 Conn. Sup. 375, 377.

The authority upon which the plaintiff relies has been thus stated: "[N]otwithstanding some vigorous dissent, the great majority of the decisions hold (in the case of a domestic as distinguished from a foreign judgment) that if the record shows the facts necessary to confer jurisdiction, or recites that jurisdiction did in fact attach, its averments are final and conclusive in every collateral proceeding, and cannot be contradicted by any extraneous evidence." 1 Black, Judgments (2d Ed.) p. 411. The reason for the rule against collateral attack is well stated in these words: "The law aims to invest judicial transactions with the utmost permanency consistent with justice. . . . Public policy requires that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown. . . . [T]he law has established appropriate proceedings to which a judgment party may always resort when he deems himself wronged by the court's decision. . . . If he omits or neglects to test the soundness of the judgment by these or other direct methods available for that purpose, he is in no position to urge its defective or erroneous character when it is pleaded or produced in evidence against him in subsequent proceedings. Unless it is entirely invalid and that fact is

disclosed by an inspection of the record itself the judgment is invulnerable to indirect assaults upon it." 1 Freeman, Judgments (5th Ed.) p. 602. A further statement of the principle by the same authority is somewhat more precisely applicable to the situation in the instant case: "But when extrinsic evidence is required to show the absence of jurisdiction, the general prevailing rule in the case of domestic judgments is that this defense is not available collaterally and relief must be obtained by a direct proceeding . . . though in case of a foreign judgment extrinsic evidence is admissible for this purpose, even on a collateral attack." 2 Freeman, Judgments (5th Ed.) p. 2238; see also 31 Am. Jur. 175, § 576 et seq.; 49 C.J.S. 800, § 404.

This rule is in accord with the law of this state. *Coit* v. *Haven,* 30 Conn. 190, 197 et seq. As is there stated, (p. 198): "Jurisdictional facts, such as service of the writ and the like, are presumed, and conclusively presumed, in the case of a domestic court of general jurisdiction, unless the record itself shows the contrary . . . ." See also *O'Leary* v. *Waterbury Title Co.,* 117 Conn. 39, 43, 166 A. 673. And the matter is thus well summed up at page 200 of the *Coit* case: "The general good clearly requires, and has therefore clearly established the rule, that domestic judgments of courts of general jurisdiction can not be attacked collaterally." While the scope of the rule in the *Coit* case was modified by *Porter* v. *Orient Ins. Co.,* 72 Conn. 519, 527, 45 A. 7, as to nonresident defendants (see also *Santangelo* v. *Santangelo,* 137 Conn. 404, 407, 78 A.2d 245), its doctrine is unaffected as applied to a Connecticut resident, which the defendant is. In *Hurlbut* v. *Thomas,* 55 Conn. 181, 10 A. 556, which was an action of debt on judgment wherein the record of the original action showed

service by leaving a copy at the defendant's usual place of abode while he was absent from the state, the defendant claimed that the judgment was invalid for lack of personal service upon him and because he had no notice of the pendency of the suit until after rendition of the judgment. In compliance with the rule above quoted, this court held (p. 183) that the original judgment "must stand as a valid judgment until set aside by some direct proceeding for the purpose." *Jeffery* v. *Fitch,* 46 Conn. 601, and *Clover* v. *Urban,* 108 Conn. 13, 142 A. 389, are cases in which resort was had to such a direct proceeding.

The plaintiff's brief suggests that in admitting the extrinsic evidence attacking the judgment the court relied upon this statement from our opinion in the recent case of *Cugno* v. *Kaelin,* 138 Conn. 341, 343, 84 A.2d 576: "In any event, an officer's return is only prima facie evidence of the facts stated therein. It may be contradicted and the facts shown to be otherwise." This does not constitute authority for the admission of the evidence. In the first place, the statement quoted is dictum, not only because, as the opinion states, the return of the officer there in question, taken literally, was on its face insufficient, but further because the appellant, against whom the extrinsic evidence was admitted, had in effect by his brief expressly waived any claim that such evidence was not admissible. In the second place, upon a re-examination of the question, we are satisfied that as applied to the situation in the instant case the statement quoted above is incorrect. Upon the facts of *Buckingham* v. *Osborne,* 44 Conn. 133, 141, which we cited as authority for it, the statement was correct, for there it related to issue joined in the original action on a plea in abatement alleging defective service, a plea which was sustained and so no judgment

was predicated on the defective service. A second case which we cited, *Coast & Lakes Contracting Corporation* v. *Martin,* 92 Conn. 11, 16, 101 A. 502, is to be distinguished from the present case, because that, instead of being an attack on a judgment, was a direct attack upon the attachment, which was claimed to be insufficient for defective service. Of similar nature was the sole remaining case which we cited, *Palmer* v. *Thayer,* 28 Conn. 237, 242. There, a sheriff was allowed on motion to correct the date of the attachment, which he had mistakenly stated in his return. In so far as the statement quoted from the *Cugno* case is in conflict with the rule in *Coit* v. *Haven,* supra, as above expounded, it is overruled.

In view of our conclusion that extrinsic evidence was not admissible to affect the judgment, it follows that there is error on the plaintiff's cross appeal. The only effect of this is, however, that the judgment of the trial court is to be sustained, though on a different ground from that adopted as the basis of its decision. See *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213. Since under the unchallenged facts disclosed by the finding the defendant could have prevailed only if his attack upon the judgment was successful, it follows that the judgment for the plaintiff was correct.

There is error on the plaintiff's cross appeal. The judgment of the trial court is affirmed.

In this opinion the other judges concurred.