DORIS M. ROBERTSON ET AL. *v.* RONALD J. FAZZALARO
ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 142

Argued November 19, 1975—decided March 19, 1976

*David B. Losee,* for the appellants (defendants).

*James O'Connor Shea,* for the appellees (plaintiffs).

DAVID M. SHEA, J. The defendants have appealed from a summary judgment of the trial court declaring a judgment, which they had previously obtained for damages against the plaintiffs in another action, to be a nullity and enjoining its enforcement. The parties agreed that there were no material issues of fact and joined in submitting the file in the earlier suit as presenting the necessary factual basis for action by the trial court on their respective motions for summary judgment.

By writ, summons and complaint dated October 4, 1972, the defendants Ronald J. and Gayle C. Fazzalaro brought an action against the plaintiffs Doris M. and Stuart H. Robertson in the Circuit Court for the sixth circuit, the writ being returnable to the second Tuesday of November, 1972. The complaint sought damages for the false representations allegedly made by the Robertsons in the sale of a house in Woodbridge to the Fazzalaros. The writ identified the Robertsons as residents of Hawaii, and personal service was made on them

by a deputy sheriff in that state on October 17, 1972. No appearance having been filed by the Robertsons in the action, the Fazzalaros filed a motion for default for failure to appear on December 18, 1972, with an affidavit of the deputy sheriff attached stating that neither of the Robertsons was in the military service. That motion was granted on February 1, 1973, and on April 23, 1973, after a motion for a hearing in damages had been filed, a judgment of $2,328.45 plus costs was rendered against the Robertsons.

On November 25, 1974, the Robertsons brought the present action to enjoin enforcement of the judgment and to declare it a nullity. The only ground alleged for that relief is the failure of the court to have granted a statutory continuance for them as nonresidents in accordance with General Statutes § 52-87.[1] Although the parties have not mentioned it, General Statutes § 52-88, which requires that no statutory continuance may be granted where actual notice is found,[2] must also be considered in conjunction with § 52-87.

---

[1] "[General Statutes] § 52-87. CONTINUANCE ON ACCOUNT OF ABSENT OR NONRESIDENT DEFENDANT. . . . If the defendant is not an inhabitant or resident of this state at the commencement of the action and does not appear therein, the court shall continue or postpone it for a period of three months and may, if it deems further notice advisable, direct such further notice of the pendency of the action to be given to the defendant by publication in some newspaper, or otherwise, as it deems expedient, or may authorize any person empowered to serve process by the laws of the foreign jurisdiction in which such defendant resides to serve upon such defendant a copy of the summons and complaint and of the order of notice and such person shall make affidavit of his doings thereon on the original order or notice. If, upon the expiration of such three months, the defendant does not then appear and no special reason is shown for further delay, judgment may be rendered against such defendant by default. Upon the expiration of any such continuance, it shall be presumed prima facie that no special reason for further delay exists. . . ."

[2] "[General Statutes] Sec. 52-88. DEFENSE BY GARNISHEE; CONTINUANCE OF ACTION. . . . Any continuance, postponement or adjournment, prescribed in section 52-87 or this section, shall not be

It is clear that the present action constitutes a direct rather than a collateral attack on the judgment involved. *Miller* v. *McNamara,* 135 Conn. 489, 495. No statutory or equitable basis is relied on by the plaintiffs presumably because the principle would be applicable that actual knowledge of the pendency of an action, which may be inferred from personal service, ordinarily precludes granting relief from a default judgment. General Statutes § 52-270; *Black* v. *Universal C.I.T. Credit Corporation,* 150 Conn. 188, 194; 46 Am. Jur. 2d, Judgments, § 760. The complaint alleges as the only ground for the relief sought a defect in the record of the proceedings claimed to render the judgment a nullity. That claim would also be available in a collateral attack on the judgment. *Lampson Lumber Co.* v. *Hoer,* 139 Conn. 294, 296–97.

The claim that the judgment is void must be sustained if the record discloses a lack of jurisdiction at the time of its being rendered. *O'Leary* v. *Waterbury Title Co.,* 117 Conn. 39, 43; *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 654. The record of the case in which the judgment complained of was rendered contains no order of a continuance in accordance with § 52-87. Neither does it indicate whether any finding of actual notice was made by the court, which would have made it unnecessary under § 52-88 to grant the continuance, although the return of the deputy sheriff recites "in hand" service of the complaint on the plaintiffs, obviously a sufficient basis for that finding. It is conceivable that that finding was made at the time the default for failure to appear was entered, just as it is conceivable that

granted or, if granted, shall terminate whenever the court finds that the absent or nonresident defendant, or his authorized agent or attorney, has received actual notice of the pendency of the case at least twelve days prior to such finding, and thereupon, unless some special reason is shown for further delay, the cause may be brought to trial."

a finding that the plaintiffs were not in the military service was made on the basis of the affidavit submitted as to that essential fact. The record submitted to the trial court contains only the pleadings and the entries made by the clerk, without any transcript of the proceedings at the time the default was entered or at the time of the hearing in damages which resulted in the judgment. No judgment file is included, although one would have been prepared if it had been requested. Practice Book § 887.[3]

"There is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears: and this rule applies as well to every judgment or decree, rendered in the various stages of their proceedings from the initiation to their completion, as to their adjudication that the plaintiff has a right of action." *Voorhees v. Bank of the United States,* 35 U.S. (10 Pet.) 449, 472. "The presumption extends to every step in the proceedings and embraces every fact or matter going to the authority of the court to render the judgment assailed. . . . If a statute required a certain affidavit to be filed or a certain fact to be found prior to the rendition of judgment, it will be presumed, in the absence of any statement or showing upon the subject, that such affidavit was filed or such fact found." 1 Freeman, Judgments (5th Ed.) § 388. Jurisdictional facts are conclusively presumed in domestic courts of general jurisdiction, even when not found by the court, unless the record itself shows the contrary. *Lampson Lumber Co. v. Hoer,* 139 Conn. 294, 298; *Coit v. Haven,* 30 Conn. 190, 197–98; *Sears v. Terry,* 26 Conn. 273, 280; 46

---

[3] The defendants' original action against the plaintiffs was brought in the Circuit Court. The rules for that court, repealed when it was merged with the Court of Common Pleas on December 31, 1974, are applicable to this question.

Am. Jur. 2d, Judgments, § 44. The Circuit Court, like the Court of Common Pleas, although limited in respect to the pecuniary extent of its civil jurisdiction, for the purpose of this rule is deemed a court of general jurisdiction proceeding according to the course of the common law. *Cinque* v. *Boyd*, 99 Conn. 70, 90. Therefore, it may be presumed that the order of default for failure to appear was entered after the court had made the finding of actual notice required by § 52-88 which would obviate the need to grant the continuance provided by § 52-87. That presumption is entirely consistent with the record in view of the inference of such actual notice to be drawn from the recital of personal service in the return.

In *Morey* v. *Hoyt*, 62 Conn. 542, 554-55, noncompliance with § 52-87 was viewed as a mere "irregularity of procedure," entitling a party to redress in a proceeding such as an appeal or motion made for that purpose in accordance with the rules or statutes but not as a defect which would deprive the court of jurisdiction. Once jurisdiction of the parties and the subject matter was acquired, the court reasoned that it would not be lost as a consequence of failure to grant the continuance. In *Hartley* v. *Vitiello*, 113 Conn. 74, 81, in which the constitutional validity of General Statutes § 52-62, which authorizes personal jurisdiction over nonresidents in negligence actions arising from their operation of motor vehicles in this state, was upheld, the court concluded that the requirement of due process was satisfied by the protection afforded by the steps prescribed to secure a judgment against a nonresident, including particularly the "necessary continuances" provided by § 52-87. We do not find any implication in *Hartley* that jurisdiction over a nonresident acquired by proper service would be lost by failure to grant the statu-

tory continuance. Unquestionably that failure would constitute error which might be raised on appeal or by some other procedure to open or vacate a judgment brought within the time limited and on the grounds recognized by statute or rule. See General Statutes § 52-270; Practice Book § 286. The case of *Associated Transport, Inc.* v. *Batchellor,* 19 Conn. Sup. 285, 287, in which the entry of a default was set aside for failure to order a statutory continuance, is distinguishable for the reason, as noted by the court in that case, that "[t]here is a distinction between a default as such, and a judgment upon default."

We conclude that the trial court erred in granting summary judgment for the plaintiffs.

There is error, the judgment is set aside and the case is remanded to the Court of Common Pleas with direction to render judgment for the defendants.

In this opinion SPEZIALE and SPONZO, Js., concurred.