The defendants have appealed from a summary judgment of the trial court declaring a judgment, which they had previously obtained for damages against the plaintiffs in another action, to be a nullity and enjoining its enforcement. The parties agreed that there were no material issues of fact and joined in submitting the file in the earlier suit as presenting the necessary factual basis for action by the trial court on their respective motions for summary judgment.
By writ, summons and complaint dated October 4, 1972, the defendants Ronald J. and Gayle C. Fazzalaro brought an action against the plaintiffs Doris M. and Stuart H. Robertson in the Circuit Court for the sixth circuit, the writ being returnable to the second Tuesday of November, 1972. The complaint sought damages for the false representations allegedly made by the Robertsons in the sale of a house in Woodbridge to the Fazzalaros. The writ identified the Robertsons as residents of Hawaii, and personal service was made on them *Page 571 
by a deputy sheriff in that state on October 17, 1972. No appearance having been filed by the Robertsons in the action, the Fazzalaros filed a motion for default for failure to appear on December 18, 1972, with an affidavit of the deputy sheriff attached stating that neither of the Robertsons was in the military service. That motion was granted on February 1, 1973, and on April 23, 1973, after a motion for a hearing in damages had been filed, a judgment of $2,328.45 plus costs was rendered against the Robertsons.
On November 25, 1974, the Robertsons brought the present action to enjoin enforcement of the judgment and to declare it a nullity. The only ground alleged for that relief is the failure of the court to have granted a statutory continuance for them as nonresidents in accordance with General Statutes 52-87.[1] Although the parties have not mentioned it, General Statutes 52-88, which requires that no statutory continuance may be granted where actual notice is found,[2] must also be considered in conjunction with 52-87. *Page 572 
It is clear that the present action constitutes a direct rather than a collateral attack on the judgment involved. Miller v. McNamara, 135 Conn. 489,495. No statutory or equitable basis is relied on by the plaintiffs presumably because the principle would be applicable that actual knowledge of the pendency of an action, which may be inferred from personal service, ordinarily precludes granting relief from a default judgment. General Statutes52-270; Black v. Universal C.I.T. Credit Corporation150 Conn. 188, 194; 46 Am.Jur.2d, Judgments, 760. The complaint alleges as the only ground for the relief sought a defect in the record of the proceedings claimed to render the judgment a nullity. That claim would also be available in a collateral attack on the judgment. Lampson Lumber Co. v. Hoer, 139 Conn. 294, 296-97.
The claim that the judgment is void must be sustained if the record discloses a lack of jurisdiction at the time of its being rendered. O'Leary v. Waterbury Title Co., 117 Conn. 39, 43; Equitable Trust Co. v. Plume, 92 Conn. 649, 654. The record of the case in which the judgment complained of was rendered contains no order of a continuance in accordance with 52-87. Neither does it indicate whether any finding of actual notice was made by the court, which would have made it unnecessary under 52-88 to grant the continuance, although the return of the deputy sheriff recites "in hand" service of the complaint on the plaintiffs, obviously a sufficient basis for that finding. It is conceivable that that finding was made at the time the default for failure to appear was entered, just as it is conceivable that *Page 573 
a finding that the plaintiffs were not in the military service was made on the basis of the affidavit submitted as to that essential fact. The record submitted to the trial court contains only the pleadings and the entries made by the clerk, without any transcript of the proceedings at the time the default was entered or at the time of the hearing in damages which resulted in the judgment. No judgment file is included, although one would have been prepared if it had been requested. Practice Book 887.[3]
"There is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears: and this rule applies as well to every judgment or decree, rendered in the various stages of their proceedings from the initiation to their completion, as to their adjudication that the plaintiff has a right of action." Voorhees v. Bank of the United States, 35 U.S. (10 Pet.) 449, 472. "The presumption extends to every step in the proceedings and embraces every fact or matter going to the authority of the court to render the judgment assailed. . . . If a statute required a certain affidavit to be filed or a certain fact to be found prior to the rendition of judgment, it will be presumed, in the absence of any statement or showing upon the subject, that such affidavit was filed or such fact found." 1 Freeman, Judgments (5th Ed.) 388. Jurisdictional facts are conclusively presumed in domestic courts of general jurisdiction, even when not found by the court, unless the record itself shows the contrary. Lamps on Lumber Co. v. Hoer, 139 Conn. 294,298; Coit v. Haven, 30 Conn. 190, 197-98; Sears v. Terry, 26 Conn. 273, 280; *Page 574 
46 Am.Jur.2d, Judgments, 44. The Circuit Court, like the Court of Common Pleas, although limited in respect to the pecuniary extent of its civil jurisdiction, for the purpose of this rule is deemed a court of general jurisdiction proceeding according to the course of the common law. Cinque v. Boyd, 99 Conn. 70, 90. Therefore, it may be presumed that the order of default for failure to appear was entered after the court had made the finding of actual notice required by 52-88 which would obviate the need to grant the continuance provided by 52-87. That presumption is entirely consistent with the record in view of the inference of such actual notice to be drawn from the recital of personal service in the return.
In Morey v. Hoyt, 62 Conn. 542, 554-55, noncompliance with 52-87 was viewed as a mere "irregularity of procedure," entitling a party to redress in a proceeding such as an appeal or motion made for that purpose in accordance with the rules or statutes but not as a defect which would deprive the court of jurisdiction. Once jurisdiction of the parties and the subject matter was acquired, the court reasoned that it would not be lost as a consequence of failure to grant the continuance. In Hartley v. Vitiello, 113 Conn. 74,81, in which the constitutional validity of General Statutes 52-62, Which authorizes personal jurisdiction over non-residents in negligence actions arising from their operation of motor vehicles in this state, was upheld, the court concluded that the requirement of due process was satisfied by the protection afforded by the steps prescribed to secure a judgment against a nonresident, including particularly the "necessary continuances" provided by 52-87. We do not find any implication in Hartley that jurisdiction over a nonresident acquired by proper service would be lost by failure to grant the statutory *Page 575 
continuance. Unquestionably that failure would constitute error which might be raised on appeal or by some other procedure to open or vacate a judgment brought within the time limited and on the grounds recognized by statute or rule. See General Statutes 52-270; Practice Book 286. The case of Associated Transport, Inc. v. Batchellor,19 Conn. Sup. 285, 287, in which the entry of a default was set aside for failure to order a statutory continuance, is distinguishable for the reason, as noted by the court in that case, that "[t]here is a distinction between a default as such, and a judgment upon default."
We conclude that the trial court erred in granting summary judgment for the plaintiffs.
 There is error, the judgment is set aside and the case is remanded to the Court of Common Pleas with direction to render judgment for the defendants.
In this opinion SPEZIALE and SPONZO, Js., concurred.