CLAIRE B. MEINKET, ADMINISTRATRIX (ESTATE OF EDMUND L. MEINKET) *v.* VICTOR LEVINSON ET AL.
(12125)

SPEZIALE, C. J., PETERS, PARSKEY, SHEA and GRILLO, Js.

Argued March 7—decision released May 1, 1984

*Mark F. Gross,* with whom, on the brief, was *Christopher Greenwood,* for the appellant (named defendant).

*Robert R. Sheldon,* with whom, on the brief, was *T. Paul Tremont,* for the appellee (plaintiff).

PETERS, J. This appeal concerns the permissible scope of a collateral attack on a judgment. In the underlying cause of action, the plaintiff, Claire B. Meinket, administratrix of the estate of Edmund L. Meinket, filed suit for money damages against the named individual defendant, Victor Levinson, and two corporate defendants. The defendant appeared pro se and was

subsequently defaulted for failure to plead.[1] The trial court, *Jacobson, J.,* rendered judgment for the plaintiff. The plaintiff thereupon filed a judgment lien against certain real property owned by the defendant and then brought this action for foreclosure of the lien. The defendant attempted to interpose, as a defense to the foreclosure, his claim that the underlying judgment was invalid because of the plaintiff's failure either to file an affidavit of debt or to produce testimony under oath at a hearing in damages, as required by Practice Book § 366.[2] The trial referee, *Saden, J.,* granted the plaintiff's motion for summary judgment and held that the procedural irregularity alleged by the defendant could not be raised in a collateral attack on the prior judgment. The defendant appealed from the trial court's grant of summary judgment and the consequent foreclosure. We find no error.

The judgment in the initial action reveals that the defendant "appeared on his own behalf on June 1, 1981 and was on notice of all further proceedings . . . ." He was then defaulted for failure to plead.[3] The trial court found damages for the plaintiff in the amount alleged in her complaint and rendered judgment against the defendant for $80,157.53. The defendant did not appeal the judgment, nor did he move to open the judgment within the four month period set forth in Prac-

---

[1] The corporate defendants were defaulted for failure to appear and judgment was rendered against them. They are not parties to this action.

[2] "[Practice Book] Sec. 366. ——PROOF OF DAMAGES ON DEFAULT In all actions of contract when damages are to be assessed after entry of a default, the plaintiff must file an account, copy, statement, or bill of particulars verified by oath, or duly present evidence in court in support of his claim."

[3] Although the defendant claimed in his brief and at oral argument that a default judgment had been rendered against him for failure to appear, the judgment file states clearly that the defendant did appear pro se and was defaulted for failure to plead. For purposes of this appeal, we are bound by the judgment file.

tice Book § 377.[4] The defendant questioned the procedural propriety of the original judgment for the first time in this collateral proceeding to foreclose on the judgment lien.

We have strongly disfavored collateral attacks upon judgments because such belated litigation undermines the important principle of finality. *Vogel* v. *Vogel,* 178 Conn. 358, 362, 422 A.2d 271 (1979); *Jensen* v. *Nationwide Mutual Ins. Co.,* 158 Conn. 251, 260, 259 A.2d 598 (1969). " 'The law aims to invest judicial transactions with the utmost permanency consistent with justice. . . . Public policy requires that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown. . . .' " *Lampson Lumber Co.* v. *Hoer,* 139 Conn. 294, 297, 93 A.2d 143 (1952), quoting 1 Freeman, Judgments (5th Ed.) § 305, pp. 602–603. Therefore, in order to succeed in a collateral attack, the party seeking to avoid a judgment must show that it is "not merely voidable but void." *Holley* v. *McDonald,* 154 Conn. 228, 234, 224 A.2d 727 (1966);

---

[4] "[Practice Book] Sec. 377. OPENING JUDGMENT UPON DEFAULT OR NONSUIT Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The court shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such written motion.

"If the court opens a nonsuit entered pursuant to Sec. 363, the court as part of its order may extend the time for filing pleadings or disclosure."

*Jensen* v. *Nationwide Mutual Ins. Co.,* supra, 260; *Rathkopf* v. *Pearson,* 148 Conn. 260, 265, 170 A.2d 135 (1961).

Although we have held that a challenge to a court's subject matter jurisdiction "can be raised at any time . . . and the lack thereof cannot be waived"; *LaBow* v. *LaBow,* 171 Conn. 433, 440, 370 A.2d 990 (1976), quoting *Connecticut Steel Co.* v. *National Amusements, Inc.,* 166 Conn. 255, 262–63, 348 A.2d 658 (1974); *Monroe* v. *Monroe,* 177 Conn. 173, 177, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); we have also recognized that "[t]he modern law of civil procedure suggests that even litigation about subject matter jurisdiction should take into account the importance of the principle of the finality of judgments, particularly when the parties have had a full opportunity originally to contest the jurisdiction of the adjudicatory tribunal." *Monroe* v. *Monroe,* supra, 178; *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 560, 468 A.2d 1230 (1983); *Vogel* v. *Vogel,* supra, 362–63; 1 Restatement (Second), Judgments § 12; James & Hazard, Civil Procedure (2d Ed. 1977) § 13.16. Under the restatement view, a collateral attack on a judgment in a contested case, such as this one,[5] may raise only limited claims of lack of subject matter jurisdiction. A subsequent challenge to subject matter jurisdiction, when that issue was not actually litigated in the prior action, is authorized only if the litigant can show that "the tribunal's excess of authority was plain or has seriously disturbed the distribution of governmental powers or has infringed a fundamental constitutional protection." 1 Restatement

---

[5] The defendant filed an appearance in the original action and was on notice of all proceedings in that case. He had an ample opportunity to assert any defenses but did not avail himself of that opportunity. His default for failure to plead is, therefore, "substantially similar to a judgment upon a contested action." 2 Restatement (Second), Judgments, c.5, Introductory Note.

(Second), Judgments § 12, comment d; 2 Restatement (Second), Judgments § 69; *Vogel* v. *Vogel,* supra, 362–63. But see *Broaca* v. *Broaca,* 181 Conn. 463, 467–69 and 471–74, 435 A.2d 1016 (1980) *(Peters, J.,* dissenting).[6]

On this appeal, the defendant attacks the validity of the original judgment on the ground that the trial court rendered judgment without requiring the plaintiff to produce either an affidavit of debt or live testimony at a hearing in damages. The defendant claims that by virtue of this error the judgment was "in excess of [the trial court's] jurisdiction," and therefore unenforceable. We disagree. Such an error in applying the Practice Book rules governing judgments following default is not even arguably jurisdictional. As we have said many times, "[a] court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." *Monroe* v. *Monroe,* supra, 185; *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* supra, 559; *State* v. *Malkowski,* 189 Conn. 101, 105–106, 454 A.2d 275 (1983); *Vogel* v. *Vogel,* supra, 363. See also *Lacks* v. *Lacks,* 41 N.Y.2d 71, 75, 359 N.E.2d 384, 390 N.Y.S.2d 875 (1976); 1 Restatement (Second), Judgments § 11. Lesser procedural irregularities, such as the error alleged on this appeal, do not make a final judgment void. *Monroe* v. *Monroe,* supra, 185; 1 Restatement (Second), Judgments § 11, comment e; § 12, comment b.

There is no error.

In this opinion the other judges concurred.

---

[6] Even a default judgment may be attacked collaterally only for lack of subject matter jurisdiction, lack of territorial jurisdiction or lack of notice. 2 Restatement (Second), Judgments § 65.