[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#115)
On April 24, 1989, plaintiff 1585 Reservoir Avenue Corporation filed a two count complaint against defendants William L. Mehlhorn [Mehlhorn] and Vicki Schueler [Schueler]. In its revised complaint filed on September 6, 1986, plaintiff alleges the following facts in the first count. In a prior action filed by defendant Schueler against plaintiff 1585 Reservoir Avenue Corporation (Docket No. CV87-0243683), defendant Mehlhorn, a deputy sheriff of Fairfield County, failed to serve the writ, summons and complaint upon 1585 Reservoir Avenue Corporation by making personal service upon its president, as so stated in the return. Plaintiff alleges that based upon this false and incorrect return, "the court (Jacobson, J.) entered a judgment upon default against the plaintiff. . .in the amount of $55,000., plus costs." Plaintiff seeks double damages pursuant to Conn. Gen. Stat. 6-32 for: (a) its exposure to judgment upon default without the benefit of liability insurance coverage for the underlying claim which would have been available if the return had been true and correct, and (b) exposure to a second civil action by Schueler "against, inter alia, the plaintiff now pending in the Superior Court. . . ." The plaintiff alleges in the second count that the absence of service of process in the prior action "rendered the court without jurisdiction to enter a judgment against the plaintiff therein and such judgment is void." The plaintiff seeks to have the judgment entered in the prior action set aside and declared void. CT Page 2348
On April 23, 1990, defendant Schueler filed a motion to strike the plaintiff's complaint on the grounds that "(1) the plaintiff has not alleged a legally sufficient cause of action against the defendant, Vicki Schueler, for which relief may be granted" and "(2) there is no justiciable controversy between the parties." Memoranda in support and in opposition to the motion have been filed by the parties as required by Conn. Practice Bk. 155.
While the defendant's motion to strike "moves to strike the I plaintiff's complaint," the defendant states in her memorandum of law that she "moves to strike the complaint, as directed to her, for legal insufficiency." Because the first count of the complaint alleges a cause of action against defendant Mehlhorn only, that under the holding of the court in Hofmiller v. Joseph,18 Conn. Sup. 143 (Super.Ct. 1952) the defendant's motion to strike should be construed as a motion to strike only count two of the complaint.
Defendant Schueler argues in her memorandum of law in support of her motion to strike, that the plaintiff's complaint is legally insufficient on two grounds. The defendant states first that the mere commencement of a nonvexatious lawsuit does not create a cause of action for improper service against a litigant, and any claim by the plaintiff that this action is a collateral attack upon the prior judgment fails as a matter of law because collateral attacks are impermissible. Defendant's second ground for striking the plaintiff's complaint is that no justiciable controversy exists between the parties.
The plaintiff argues in opposition that the relief requested in count two is a permissible direct attack on the judgment of the prior action. Plaintiff also argues that there is a justiciable controversy between the parties since defendant Schueler is the holder of the judgment that the plaintiff seek to have declared void.
Because discussion of the first ground raised by the defendant is dispositive of this motion, this memorandum is confined solely to consideration of that ground.
Valid service is necessary to give the court jurisdiction of person. White-Bowman Plumbing Heating, Inc. v. Biafore,182 Conn. 14, 16-17 (1980).
A judgment rendered without jurisdiction is "void ab initio and is subject to both direct and collateral attack." Broaca v. Broaca, 181 Conn. 463, 467 (1980). "`If a court has never acquired jurisdiction over a defendant or the subject CT Page 2349 matter, . . . any judgment ultimately entered is void and subject to vacation or collateral attack.'" Id. at 468 quoting Bartels v. International Commodities Corporation, 435 F. Sup. 865, 867
(D.Conn. 1977). "A void judgment is an invalid judgment. Even such a [void] judgment, if it is a domestic judgment of a court of general jurisdiction, may not be vulnerable to collateral attack unless it is entirely invalid and that fact is disclosed by an inspection of the record itself." D'Occhio v. Connecticut Real Estate Commission, 189 Conn. 162, 173 n. 2 (1983), citing Lampson Lumber Co. v. Hoer, 139 Conn. 294, 297-98 (1952). See also Jensen v. Nationwide Mutual Insurance Co., 158 Conn. 251,260 (1969) (plaintiff's collateral attack may succeed only if the judgment is not merely voidable, but void; unless the invalidity appears on the fact of the record, the judgment is not vulnerable to collateral attack).
In Lampson Lumber Co. v. Hoer, 139 Conn. 294 (1952), the defendant in an action upon a judgment answered by way of a general denial and a special defense alleging that he was not served with process and did not receive notice of the pendency of the original action.
The court noted that "[j]urisdictional facts, such as service of the writ. . . , are presumed, and conclusively presumed, in the case of a domestic court of general jurisdiction, unless the record itself shows the contrary. . . ." Id. at 298, citation omitted.
In affirming the judgment of the trial court, the court in Lampson Lumber held that by resting on an answer alone, the defendant "did no more than attempt to resist the enforcement of the judgment without obtaining either an adjudication invalidating it or an injunction against the plaintiff's suing upon it. His, therefore, was a collateral and not a direct attack on the judgment." Id. at 297. The court noted that the defendant could have made a direct attack upon the former judgment by filing a cross complaint with a prayer seeking to invalidate the judgment or to restrain the plaintiff from enforcing it. Id. at 296.
Similarly, in State v. Florence, 35 Conn. Sup. 598 (App. Sess. 1978), the court held that the defendant's post judgment "plea in abatement alleging that the court had no jurisdiction of the action because he did not `as in said writ alleged, reside at the residence as shown. . . nor was there personal service at the time of the commencement of the suit'" was an impermissible collateral attack. Id. at 599-601. The court indicated that the defendant could have filed a motion to open or set aside the default judgment, taken an appeal to the Appellate Session of the superior Court, or "a direct proceeding to set aside the judgment CT Page 2350 could have been undertaken." Id. at 601.
Because the invalidity of the service of the writ and complaint in the prior action at issue in the present case is not apparent on the face of the record, plaintiff Reservoir Avenue Corporation can only pursue a direct attack against the prior judgment. Since the plaintiff seeks to have the judgment in the prior action set aside the declared void in count two of its complaint, the plaintiff seeks an adjudication invalidating the judgment that is sufficient for consideration as a direct attack, under the holding of Lampson Lumber. As a direct attack on the prior judgment, the second count is a legally sufficient cause of action, therefore, defendant Schueler's motion to strike is denied.
CIOFFI, J.