[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO DISMISS (FILE #109)
This is a personal injuries negligence action arising out of a two vehicle accident in Enfield. It is alleged that plaintiff was operating her vehicle in an easterly direction pulling away from the gas pumps at the Magic Minit Car Wash located on Enfield Street; at that time, Lloyd M. Napier, the owner and operator of a motor vehicle, allegedly exited the car wash at a high rate of speed in an easterly direction onto Enfield Street, spun around and proceeded back into the parking lot of the car wash, and struck plaintiff's vehicle on the driver's side, causing plaintiff to sustain injuries, damages, and losses.
The complaint is dated March 16, 1993; the return of service is dated March 26, 1993. The return recites that the original writ, summons, notice and complaint were forwarded by certified mail to Lloyd M. Napier at 28 Mapleview Avenue, Longmeadow, Mass. Further, that also on 3/26/93, the process server made due and legal service on the named defendant (Napier) by leaving a true and attested copy of the writ, summons, notice, and complaint with the Connecticut Commissioner of Motor Vehicles at least twelve days before the session of the court to which the writ was returnable, and, that the said Connecticut Commissioner of Motor Vehicles is the duly authorized agent and attorney for the named defendant. A supplemental return indicates that on 3/27/93 the certified return receipt was received back from the U.S. Postal Service; a copy of the green receipt card, annexed to said return, bears the purported signature of Lloyd M. Napier.
Counsel for the defendant filed an appearance on October 4, 1993. Thereafter, motions were filed by counsel on behalf of defendant Napier. On January 3, 1994 the pleadings were closed by the filing of defendant's answer. On January 17, CT Page 5566 1994 counsel filed this motion to dismiss, with supporting memorandum of law, asserting lack of subject matter
jurisdiction on the basis that the named defendant, Napier, was deceased on the date of the commencement of this action. Plaintiff has filed a memorandum of law in opposition to defendant's motion to dismiss.
A motion to dismiss is the appropriate pleading through which to raise (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. Conn. Prac. Bk. Section 143; see also:Upson v. State, 190 Conn. 622, 624-25 n. 4 (1983). The motion essentially asserts "that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original). Baskin's Appeal fromProbate, 194 Conn. 634, 640 (1984). A motion to dismiss places in question any plaintiff's right to assert the particular cause of action based on jurisdictional defects. Prac. Bk. Sections 142-146. "Any claim of lack ofjurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added). Prac. Bk. Sec. 145. "`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'"LeConche v. Elligers, 215 Conn. 701, 709 (1990), quotingShea v. First Federal Savings Loan Assn. of New Haven,184 Conn. 285, 288 (1981); Henry F. Raab Connecticut, Inc.v. J.W. Fisher Co., 183 Conn. 108, 111-12 (1991). The court is without subject matter jurisdiction only if it has no competence to entertain the action before it; Meinket v.Levinson, 193 Conn. 110, 115 (1984); and, every presumption should be made in favor of finding jurisdiction. See:LeConche v. Elligers, supra at 709-10. Deficiencies regarding the manner of service of process pertain, generally, to questions of jurisdiction over the person, and do not deprive the court of subject matter jurisdiction. cf. Castro v.Viera, 207 Conn. 420, 433-34 (1988). "Unlike subject matter jurisdiction, personal jurisdiction may be created through consent or waiver." Bridgeport v. Debek, 210 Conn. 175, 180
(1989); United States Trust Co. v. Bohart, 197 Conn. 34, 39
(1985) (cases cited therein). CT Page 5567
Connecticut General Statutes Section 52-62 (a) provides, in substance, that a nonresident of this state, causing a motor vehicle to be operated on a public highway or elsewhere in Connecticut, shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that process in a civil action for damages resulting from alleged negligent use or operation may be served upon the said Commissioner; also, that such service of process shall have the same validity as if served upon the nonresident personally. Subsection (b) of Section 52-62 reads, as follows:
 The death of such nonresident, whether before or after the commencement of a civil action, shall not operate to revoke the appointment by the nonresident of the commissioner of motor vehicles as his attorney for service of process. If the process is served upon the commissioner of motor vehicles and a true and attested copy thereof is sent to the administrator, executor or other legal representative of the deceased nonresident in accordance with the provisions of this section, the service shall have the same validity as if made upon the administrator, executor of legal representative personally. (Emphasis added).
The issue, properly framed, in my view, is whether defective service of process resulting from noncompliance with the second sentence of Subsection (b) deprives this court of subject matter jurisdiction.[1] As plaintiff maintains, defects relating to service of process do not generally deprive the court of subject matter jurisdiction; our Supreme Court has stated: "[o]ur precedents make it abundantly clear that, except in the special circumstances of administrative appeals, defects in process do not deprive a court of subject matter jurisdiction." Bridgeport v. Debek, supra at p. 179. Rather, defects in process pertain to issues of jurisdiction over theperson: "[f]acts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes . . . are essential to jurisdiction over the person." (Emphasis in original). Id. at p. 179-80. In the present case, the asserted noncompliance with certain of the requirements of General Statutes Section 52-62 raises questions of jurisdiction over the person and, in this court's CT Page 5568 view, not subject matter jurisdiction. "Facts showing that the matter involved in a suit constitutes a subject matter consigned by law to the jurisdiction of the court are essential to jurisdiction over the subject matter of the suit." Castro v. Viera, supra at p. 434. Here, as plaintiff argues, the Superior Court clearly has the power and authority to hear and determine civil actions involving claims for damages due to personal injuries caused by another's negligent conduct. Accordingly, while the defective service of process presents an issue of in personam jurisdiction, it does not serve to divest the court of its jurisdiction over the subject matter of this law suit.
As stated, personal jurisdiction may exist by way of consent or waiver. Bridgeport v. Debek, supra at p. 180. Prac. Bk. Section 144 states: "Any claim of lack of jurisdiction over the person . . . or insufficiency of process or insufficiency of services of process is waived if not raised by a motion to dismiss filed in the sequence provided in Sections 112 and 113 and within the time provided by Section 142."[2] Here, defendant appeared through counsel and filed an answer; this motion to dismiss succeeded in time the answer, and was not filed within thirty days of counsel's appearance, as required by Prac. Bk. Section 142. Accordingly, since the claim presented on this motion is one relating to jurisdiction over the person, and not subject matter jurisdiction, it has been untimely raised, and is waived under the provisions of Section 144.
For the reasons stated, defendant's motion to dismiss is hereby Denied.
Mulcahy, J.