[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#109)
On October 21, 1993, the plaintiff, Shannon Lach, commenced this paternity action against the defendant, Richard J. Welch, as administrator of the estate of Michael R. Welch. Pursuant to General Statutes § 46b-160, the plaintiff seeks an adjudication of paternity of Kaitlyn Ruddy, her minor child. Kaitlyn was born out of wedlock on November 12, 1990. In her petition, the plaintiff alleges that Kaitlyn was fathered by Michael Welch, a previous boyfriend of the plaintiff. On June 1, 1991, prior to the commencement of any paternity proceedings, Michael Welch died as the result of an automobile accident.
On March 5, 1994, the defendant filed a motion to strike the plaintiff's petition on the ground that a paternity action brought under General Statutes § 46b-160 must be determined during the lifetime of the putative father and does not survive his death. This court denied the defendant's motion. See Memorandum ofDecision Re: Motion to Strike, June 13, 1994, Dranginis, J. (The defendant's motion to strike is denied due to scientific advancements in the field of genetic testing which have eliminated the proof problem of a paternity action filed against a deceased putative father.)
The defendant has now filed a motion to dismiss the plaintiff's paternity petition on the ground that the court lacks subject matter jurisdiction over the dispute. The defendant asserts that the plaintiff's action should be dismissed on two grounds. First, the defendant argues that any rights of inheritance of an illegitimate child are derived from General Statutes § 45a-438 and the plaintiff has not satisfied the requirements of that statute. Second, the defendant argues that pursuant to General Statutes CT Page 9098 § 46b-160, the issue of paternity must be decided during the lifetime of the putative father.[1]
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court. Id., 545. Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. LeConche v. Elligers, 215 Conn. 701, 709,579 A.2d 1 (1990). The court is without subject matter jurisdiction only if it has no competence to entertain the action before it;Meinket v. Levinson, 193 Conn. 110, 115, 474 A.2d 454 (1984); and, every presumption should be made in favor of finding jurisdiction.Gurliacci v. Mayer, supra, 543. Consideration of the issues raised on a motion to dismiss usually will not encompass an assessment of the merits of the action. Lampasona v. Jacobs, 209 Conn. 724, 728,553 A.2d 175 (1989).
Initially, it should be noted that the defendant's motion to dismiss is addressed more to the argument that the plaintiff has failed to state a cause of action, either under General Statutes § 46b-160 or § 45a-438, than to the argument that the court does not have jurisdiction. These challenges are to the legal sufficiency of the plaintiff's petition, therefore, the defendant's motion to dismiss is procedurally improper. see [See] Gurliacci v. Mayer, supra, 544; Baskin's Appeal from Probate, 194 Conn. 635, 640, 484 A.2d 934
(1984). Nevertheless, the court will briefly address the defendant's claims for dismissal.
First, the defendant has incorrectly relied on General Statutes § 45a-438 to argue that the plaintiff's paternity petition should be dismissed.[2] General Statutes § 45a-438 concerns proceedings in Probate Court for purposes of determining the inheritance of a child born out of wedlock. That statute may ultimately be of some importance to the parties in this action. At the present stage, however, it has little or no relevance. The only action before this court is the plaintiff's paternity petition brought pursuant to General Statutes § 46b-160.
General Statutes § 46b-160 explicitly grants the Superior Court the power to hear and determine a paternity petition. That statute, in pertinent part, provides: CT Page 9099
 Proceedings to establish paternity of a child born or conceived out of lawful wedlock. . . . shall be instituted a verified petition of the mother. . . . with summons and order, filed in the superior court for the judicial area in which either she or the putative father resides. . . . Such petition, summons and order shall be in a form approved by the judges of the superior court. . . .
General Statutes § 46b-160.
Moreover, this court has already addressed, and denied, the defendant's argument that a paternity action under General Statutes § 46b-160 does not survive the death of the putative father. SeeMemorandum of Decision Re: Motion to Strike, June 13, 1994, Dranginis, J.
There is no question that the Superior Court of Connecticut has subject matter jurisdiction to adjudicate the vital question of Kaitlyn's paternity. The defendant's motion to dismiss is denied.
DRANGINIS, J.