[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the motion to dismiss of defendant Emil Frankel, Commissioner of Transportation of the State of Connecticut ("Commissioner"), who takes the position that he is not liable as a matter of law for injuries the plaintiff claims she sustained on the particular sidewalk at issue and that the court lacks subject matter jurisdiction.
The plaintiff claims that the defendant Commissioner allowed a public sidewalk on the east side of Connecticut Route #146 in Branford to be in a defective and dangerous condition and that she was injured as a result.
The Commissioner has filed an affidavit, signed by Norman Hannibal, Maintenance District Manager of the Bureau of Engineering and Highway Operations for the State of Connecticut, and the plaintiff has assented to consideration of that affidavit by this court, though she does not agree that it is sufficient to establish that the claims against the commissioner should be dismissed. The gravamen of the affidavit is that the sidewalk at issue is not one that the commissioner was under a duty to maintain pursuant to General Statutes § 13a-144, and that the doctrine of sovereign immunity therefore applies to bar the claim.
In Amore v. Frankel, 228 Conn. 358 (1994) the Connecticut Supreme Court upheld the granting of a motion to dismiss for lack of subject matter jurisdiction where the plaintiff alleged that she had been injured on a driveway on the grounds of the University of Connecticut at Storrs. Because the Court found that General Statutes § 13a-144 did not impose on the Commissioner of Transportation a duty to maintain the driveway in question as part of the "state highway system," and because the plaintiff had not alleged that the University had requested him to perform maintenance pursuant to General Statutes § 13b-30, it held that the trial court lacked subject matter jurisdiction.
The Court's decision in Amore rested on its reading of § 13a-144, which does not, on its face, include driveways on the university campus in its definition of the state highway system, CT Page 11694 and on its finding that the only other source of liability, § 13b-30, had not been alleged. The Court did not suggest that the mere filing of an affidavit by the commissioner denying that a particular area is covered by § 13a-144 establishes immunity and deprives a trial court of subject matter jurisdiction. The actual question for which the Supreme Court granted certification in Amore
was the following: "Does the duty of the commissioner of transportation to maintain highways, bridges and sidewalks under General Statutes § 13a-144 extend to driveways?" General Statutes § 13a-144 makes no mention of driveways, and this lack of statutory inclusion, rather than the conclusory affidavits of the defendant, along with the specific limitation or responsibility set forth in § 13b-30, would appear to be the reason for the Supreme Court's finding that the trial court lacked jurisdiction as a matter of law.
The plaintiff in the case now before this court alleges that she sustained an injury on the public sidewalk on the east side of a road known as Route 146 that the commissioner had a duty to keep in repair. Unlike the driveway at issue in Amore, sidewalks along numbered state highways are among the areas enumerated in § 13a-144.
The commissioner takes the position that even as to a portion of the state road system facially covered by § 13a-144, jurisdiction can be defeated merely by the filing of an affidavit denying that the particular sidewalk is one "which it is the duty of the commissioner of transportation to keep in repair."
Essentially, the commissioner's position appears to be that the filing of a conclusory affidavit by a state employee determines this court's jurisdiction, putting the legal determination of the commissioner's responsibility in the hands of members of his department rather than those of the court as the trier of facts, including jurisdictional facts. This court does not understand the ruling in Amore to authorize so radical a departure from the usual principles concerning separation of powers between the judicial and executive branches, for to do so would make the executive branch the determiner of the court's jurisdiction. Rather, Amore is properly understood as allowing dismissal where the locus of the injury is not within the categories of public areas specified in § 13a-144, as driveways are not.
This court lacks subject matter jurisdiction only if it has no competence to entertain the action before it Bridgeport v. Debek,210 Conn. 175, 180 (1989); Meinket v. Levinson, 193 Conn. 110, 115
CT Page 11695 (1984). This court definitely has subject matter jurisdiction to decide cases in which a cause of action is authorized pursuant to § 13a-144. The factual issue as to whether the locus alleged was, despite its bordering a highway, not a sidewalk that the commissioner had a duty to maintain, is a factual issue, not, as inAmore, a legal issue as to the scope of the waiver of immunity.
In Duguay v. Hopkins, 191 Conn. 222, 227 (1983), the Supreme Court ruled that the state could raise sovereign immunity by a motion to dismiss if, like a motion to strike it "does not seek to introduce facts outside of the record." In Amore, as in Duguay, the issue of subject matter jurisdiction hinged on the law, not on the facts. In the case before this court, the commissioner is attempting to defeat subject matter jurisdiction by resort to the opinion of a witness, that is, by facts outside of the record.
Since the dispute as to jurisdiction is factual, not legal, it does not appear that it should be resolved upon a motion to dismiss, and the motion is denied.
Beverly J. Hodgson Judge of the Superior Court