[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM MOTION TO STRIKE #110
On November 7, 1989, the plaintiff, Arthur Olsen Co., Inc., obtained a judgment against the defendant, Timothy Nettleton, in a previous action. Olsen v. Nettleton, Superior Court, Judicial District of Waterbury, Docket No. 091227 (November 7, 1989). On March 6, 1997, the plaintiff filed a three count complaint against the defendant seeking to enforce the November 7, 1989 judgment. The defendant has filed a revised special defense alleging that the CT Page 364 plaintiff's November 7, 1989 judgment was obtained with false and fraudulent testimony presented to the court about the defendant.
The plaintiff has filed this motion to strike the defendant's revised special defense on the ground that it is legally insufficient in that a judgment can not be collaterally attached. The defendant claims that he is attaching this judgment directly.
"A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442
2 (1983); Practice Book § 152(5); see also Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). When ruling on a motion to strike a special defense, the court must take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
The court agrees with the plaintiff that the defendants attach on the judgment is collateral and as such is impermissible as our Supreme Court decided in Lampson Lumber Co. v. Hoer,139 Conn. 294, 93 A.2d 143 (1952). The facts in Lampson Lumber are similar to the instant matter. The plaintiff in that action obtained a judgment against the defendant in a previous action. The defendant failed to satisfy the judgment. The plaintiff subsequently brought an action to collect the debt by suing on the judgment he previously obtained against the defendant. In that action, the defendant attempted to attach the previous judgement and alleged in his answer and special defense that he was not properly served in the original action. The Supreme Court upheld the decision of the trial court finding that it was improper to attach the previous judgment "collaterally". The court held that the defendant did no more than attempt to resist the enforcement of the judgment without obtaining either an adjudication invalidating it or an injunction against the plaintiff's suing upon it. "His, therefore, was a collateral and not a direct attack on the judgment." Lampson Lumber Co. v. Hoer, supra, 296-97. Like the defense raised in the Lampson case, the defendant's special defense in this matter is a collateral attack on the judgment.
Collateral attacks on judgments are disfavored because they undermine the important principle of finality. Meinket v. Levinson,193 Conn. 110, 113, 474 A.2d 454 (1984) "Unless the judgment is entirely invalid and that fact is disclosed by an inspection of the CT Page 365 record itself, the judgment is invulnerable to indirect assaults upon it." State v. Florence, 35 Conn. Sup. 598, 401 A.2d 65
(1978). Judgments must be void, and not merely voidable for a collateral attack to be successful. Rathkoff v. Pearson,148 Conn. 260, 265, 170 A.2d 135 (1961). "Broadly stated, this would require proof of the lack of legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties or both; or want of power to grant the relief contained in the judgment." Id.
The Special Defense in the instant matter is a collateral attach on the previous judgment and therefore is improper. The plaintiff's motion to strike is granted.
PELLEGRINO, J.