ALEXANDER WILDMAN vs. SUSAN E. WILDMAN.

Third Judicial District, New Haven, June Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The plaintiff, who had been twice defeated in actions brought by him to have certain deeds delivered up and canceled, sought a new trial, alleging that the adverse judgment in the first case was mainly due to the refusal of the trial court to allow an amendment, upon the ground, urged in opposition, that it changed the cause of action; while the judgment in the second suit, in which the averments of the rejected amendment were repeated in the complaint, proceeded upon the opposite theory, being based upon the ground that the grievance set forth in each suit constituted but one, indivisible cause of action, and therefore that the decision in the earlier case constituted a bar to the second suit. The defendant demurred to the application for a new trial. Held that in view of the provisions of § 1125 of the General Statutes, which authorized new trials to be granted for mispleading, the discovery of new evidence, want of actual notice, "or other reasonable cause," the trial court erred in sustaining the demurrer, since the plaintiff, under his allegations, might be able to prove such a state of facts as would justify if not require the granting of a new trial.

Argued June 9th—decided October 5th, 1899.

COMPLAINT in equity praying that certain judgments against

Wildman *v.* Wildman.

the plaintiff might be set aside and a new trial granted, and asking for other equitable relief, brought to the Superior Court in Fairfield County and tried to the court upon the defendant's demurrer to the complaint; the court, *Robinson, J.,* sustained the demurrer and afterwards judgment was rendered for the defendant, from which the plaintiff appealed for alleged errors in the rulings of the court upon the demurrer. *Error and cause remanded.*

The amended complaint was as follows : —

" 1. On the 15th day of April, 1895, the plaintiff brought an action against this defendant, by writ and complaint, a copy of which is annexed hereto and marked Exhibit A, and made a part of this complaint. 2. Said writ and complaint was duly returned to this court and entered upon the docket thereof, and on the     day of May, 1895, the defendant filed her answer thereto, a copy of which is annexed hereto and made a part of this complaint and marked Exhibit B. 3. Said action was tried at the September term, 1895, of this court, held at Danbury, and on the 15th day of October, 1895, said court rendered judgment against the plaintiff without costs. 4. Upon the trial of said case the following facts appeared, as subsequently found by the court : (*a*) The plaintiff now is, and for more than fifteen years last past has been, the legal and equitable owner and possessor of certain real estate situated in said Danbury (describing it). (*b*) Said property now is of the value of $50,000, or more, above the incumbrances thereon. (*c*) In the fall of 1883 the plaintiff, then a married man, believed his wife guilty of infidelity and was seeking evidence of her guilt and contemplating divorce proceedings against her on that ground. (*d*) By reason of this belief and the anxiety and distress of mind resulting from it, the plaintiff became very nervous, despondent and sleepless. (*e*) The defendant, who is the only sister of the plaintiff, was perfectly acquainted with his condition. She administered opiates to him. He confided in her all the particulars of his domestic troubles, and she advised him in regard thereto and continued as his confidant and adviser all through his domestic troubles. (*f*) In the fall

of 1883, while the plaintiff was in the condition of mind and while the defendant advised as heretofore described, it was arranged between the plaintiff and defendant that the plaintiff would have the deeds of said property, heretofore described, executed and delivered to the defendant, in order that he might prevent his wife from obtaining any interest in said property by way of dower, in the event of his death. (g) Pursuant to this agreement the plaintiff, in the fall of 1883, for the purpose stated in the preceding paragraph, executed two deeds which included the property heretofore described, and a copy of which deeds are annexed hereto and marked Exhibits C and D, respectively. Said deeds bear date November 15th, 1884. (h) Some time after, about the fall of 1885, the plaintiff, while in the same condition of mind and while being advised by the defendant as heretofore described, placed said deeds in the defendant's hands. (i) The plaintiff handed the defendant the said deeds for the purpose of preventing his wife from obtaining an interest in said property by way of dower, in the event of his death. There was absolutely no consideration for said deeds. (j) On the first Tuesday of June, 1884, the plaintiff brought his action for divorce against his wife on the ground of adultery. The petition on hearing had was dismissed on December 4th, 1884. (k) On the first Tuesday of June, 1884, the plaintiff's wife brought her action for divorce against the plaintiff, which action was withdrawn on the 19th day of November, 1885, and on the first Tuesday of January, 1886, she brought another action for divorce against him, which was withdrawn on May 26th, 1887. (l) On the first Tuesday of June, 1887, another action for divorce was brought by the plaintiff's wife, and on October 2d, 1889, a decree of divorce on the ground of desertion was granted, and alimony to the amount of $10,500 awarded her, which amount was at once paid by the plaintiff, the money being raised by mortgage on the above described property, all of which was with the full knowledge and acquiescence of the defendant. (m) In each of the actions mentioned in the two preceding paragraphs, the plaintiff's property herein described was attached. (n) The

defendant remained during all this period entirely familiar with all domestic and business arrangements of the plaintiff, and knew when the said deeds were delivered to her and thereafter, that unless the deeds were recorded they would not be good against attaching creditors, and would not tend to interfere with any interest the wife of the plaintiff might have therein.  (o) The defendant knew of said attachments and said claim for alimony.  (p) The defendant never recorded said deeds until December 5th, 1894.  (q) The purpose for which said deeds were given was abandoned by the plaintiff and defendant shortly after the delivery of the said deeds, and no attempt was made either by the plaintiff or defendant to use said deeds for the purpose of in any manner obstructing or interfering with the demands or rights of the plaintiff's said wife in said property, or for the purpose of carrying out the object for which they were executed and delivered to the defendant, but, on the contrary, were considered by the parties thereafter as of no effect whatever. (r) The defendant shortly after the delivery of said deeds to her, absolutely relinquished and abandoned all right and interest in said property by virtue of said deeds, and from that time never considered that she had any interest in said property by virtue of said deeds, and never intended to claim any interest under said deeds or any title to said property by virtue of said deeds, until on and after July 24th, 1894. (s) Said deeds were in fact canceled between the parties shortly after the delivery of the same.  (t) The defendant has, on different occasions, acted for her brother in relation to said property, but she has never acted for herself.  (u) From the delivery of the deeds to the recording of the deeds, the defendant by acts innumerable, by words many and in many ways and manners, treated said property as the plaintiff's, and never in any act or by any word claimed the slightest ownership in the property.  (v) The defendant never intended to have recorded said deeds, and would not have done so had she not at that time become incensed against the plaintiff.  (w) Said deeds, Exhibits C and D, still appear upon record in the Danbury land records, and are a cloud upon the

plaintiff's title. (x) Said property described in said deeds, Exhibits C and D, is substantially all the property of the plaintiff, and the plaintiff has a large number of creditors, and unless said deeds are decreed to be null and void and canceled the plaintiff will be rendered wholly insolvent. (y) The plaintiff has made permanent improvements upon said property during the last fifteen years, to the extent of many thousands of dollars. (z) The defendant has, since the recording of said deeds, mortgaged said property for the sum of $5,000, and threatens to collect the rents from the tenants of said property, and the plaintiff is advised and fears that the said defendant will make other conveyances of said property, and will further collect or attempt to collect the rents from the same, unless restrained by injunction. 5. The plaintiff being in the state of mind described in the preceding paragraph 4, when he executed said deeds, had entirely forgotten the existence of said deeds, and had no recollection of ever having executed or delivered said deeds. 6. Upon the trial of said cause the evidence was very conflicting as to the execution and delivery of said deeds. The person whose name appeared upon said deeds as the magistrate who took the acknowledgment thereof, absolutely denied to the plaintiff, his counsel, and before the court, his ever having taken said acknowledgment; and positively denied that the signature thereto was his. The plaintiff also testified that he had no knowledge of the existence of said deeds. 7. The plaintiff had at the time of the trial of said case absolutely no knowledge that he ever executed or delivered said deeds. The facts in relation thereto were peculiarly within the knowledge of the defendant, and she had always withheld the deeds from the plaintiff, and it was solely upon her evidence that the court found the facts heretofore stated as to the existence of said deeds, the purpose for which they were delivered, and the abandonment of said purpose. 8. After the said evidence of the defendant had been offered, and at the close of the case, counsel for the plaintiff on the argument claimed, that upon the facts claimed to have been proven by the evidence of the defendant, the plaintiff was entitled to a judgment set-

ting aside or canceling the deeds, irrespective of the question as to whether the deeds in question were forgeries. The counsel of the defendant, in reply to this part of the argument, argued and claimed that under the pleadings the court could not render such a judgment. Counsel for the plaintiff then arose and said that in view of the possibility that the court might come to the conclusion that the deeds were not forgeries, and also to the conclusion that in that event the court could not set the deeds aside upon the pleadings as they then stood, he would move to amend the complaint, by setting up the facts proven, irrespective of the question of forgery, so that the court might pass upon the question. The defendant's counsel opposed this motion, upon the ground that the only question raised by the pleadings was the question of whether those deeds were delivered and executed, the only question raised by the denial in the answer, and the only question that they had been called there to try, was the delivery and execution of the deeds; and they tried the question of whether those two deeds were forgeries or not, and nothing else; and in view of that, the court ought not at this late day to permit an amendment. The court denied the motion upon the grounds stated by defendant's counsel. $8\frac{1}{2}$. The court did not forthwith render a decision upon said motion to amend, but reserved the ruling thereon, announcing that the court would take the matter under consideration and pass upon it later. The court, contrary to the understanding of the plaintiff's counsel, never rendered any formal or separate decision upon said motion, and in fact did not render any decision at all, except that it rendered judgment against the plaintiff upon the merits of the case, supposing that the judgment so rendered also denied the motion to amend. 9. The counsel for the plaintiff understood and believed the claims of the defendant's counsel to be, that the matter which the plaintiff desired to set up in the amendment was in no way a part of the subject-matter set up in the complaint then on file, and that the cause of action set forth in said original complaint was a separate and distinct cause of action from the cause of action which the plaintiff moved

the court to be permitted to set out by way of amendment. 9½. The plaintiff's counsel understood and believed from the claims made by the defendant's counsel, and the action of the court in reserving the decision on said motion, that if said amendment should not be allowed the court would exercise its discretion upon the ground that the amendment contained a separate and distinct cause of action. 10. The counsel for the plaintiff understood and believed the court, in denying the amendment, to rule and decide that the proposed amendment set forth an entirely separate and distinct cause of action; and that the decision of the court was based upon that ground. 11. The court, in reserving the decision upon said motion to amend, and in announcing that it would pass upon the matter later, led the plaintiff's counsel to suppose and believe that the court would render a separate decision upon said motion before deciding said case upon its merits; but the court, without any such ruling, and without indicating its intended ruling, decided said case against the plaintiff upon the merits, without giving the plaintiff an opportunity to decide whether to withdraw said case before judgment. 12. The mistake of not withdrawing said case before said final judgment was rendered, was wholly due to the action of said court in not deciding said motion to amend before rendering final judgment, so that the plaintiff might know whether it was necessary for him to withdraw the action and begin a new suit to have his rights as set forth in the proposed amendment adjudicated; and because of the mistake into which the plaintiff's counsel were led by the conduct of defendant's counsel in opposing said motion, and the conduct of the court. 13. Both the Superior Court and the Supreme Court of Errors have since ruled and held that a suit based upon the facts upon which said proposed amendment was made, was for the same cause of action as that set forth in said original complaint, and therefore that the former judgment was a bar to the new suit based upon such facts. 14. The said judgment of October 15th, 1895, against the plaintiff is unjust. 15. Had the court permitted said amendment and rendered judgment upon the facts found, the judg-

ment would have been in favor of the plaintiff.  16. Pending said original action, the complaint therein was exhibited to this court and application was made for an injunction against the defendant's interfering with the property, and in rendering judgment on October 15th the court did not dissolve said injunction, but did dissolve the same on December 23d, 1895. 17. The plaintiff now is, and ever since said judgment of October 15th, 1895, has been, in possession of said property. 18. The defendant, since the rendition of said judgment, has threatened to take possession of said property, and now is threatening to take possession of the same and collect the rents thereof and appropriate them to her own use, and is preparing to and threatening to execute another mortgage upon the same.  19. Since the trial of said case the plaintiff has discovered evidence which will tend to prove, and as the plaintiff believes will prove, that shortly after the execution of said deeds the defendant promised and agreed to execute all necessary papers, and do everything necessary to re-convey the legal title to the property to the plaintiff, and that in pursuance of said agreement the property was treated as the property of the plaintiff, and he still kept possession of the same and made extensive and valuable improvements upon the same to the extent of many thousands of dollars.

" The plaintiff claims : 1. That said former judgments of October 15th, 1895, and December 23d, 1895, be set aside, and that he be allowed a new trial of said cause.  2. An injunction, both temporary and permanent, restraining the defendant from taking possession of said property, collecting the rents, or mortgaging the same.  3. Such other relief as to equity doth appertain."

To this complaint the defendant demurred.

*Robert E. DeForest* and *Henry A. Purdy*, for the appellant (plaintiff).

*Lyman D. Brewster* and *Samuel A. Davis*, for the appellee (defendant).

ANDREWS, C. J.   The plaintiff brought an action against the defendant to the Superior Court in Fairfield county, in which he prayed that two certain deeds, then in the possession of the defendant, might be delivered up to be canceled. That action was tried at the September term of the court held at Danbury in 1895, and was decided against the plaintiff.   In the present complaint the plaintiff claims a new trial of that case.

Section 1125 of the General Statutes enacts that " the Superior Court (and other trial courts) may grant new trials of causes that may come before them respectively, for mispleading; the discovery of new evidence ; want of actual notice of the suit to any defendant, or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed; or other reasonable cause, according to the usual rules in such cases."

The Superior Court sustained a demurrer to the present complaint and dismissed the action with costs.   The plaintiff has appealed.   The complaint claimed a new trial for two causes.   One is the discovery of new evidence.   To so much of the complaint as sets forth this cause, we think the demurrer was correctly sustained.   As to this cause, the complaint is clearly insufficient.

The other cause is set forth at length in the complaint, paragraphs eight to twelve, both inclusive.   By sustaining the demurrer to the complaint the Superior Court has decided that under these averments a reasonable cause, for which a new trial ought to be granted could not be proved according to the usual rules which govern the granting of new trials. We are not able to agree with the court in that view.   We recognize fully that a new trial of a cause once heard and decided is not to be granted readily, nor without strong reasons.   But we think that if the facts set forth in the complaint should be proved, and giving to them a favorable construction such as the court perhaps would deem itself required to give, a cause might be shown for which the court, acting reasonably, would be authorized to grant to the plaintiff a new trial, or possibly feel bound in duty to grant him

one; and as this result is legally possible, the demurrer should not have been sustained.

The defendant has argued that a new trial should not be granted, because the deeds were given for a fraudulent purpose, viz., in order that the plaintiff's wife might not have dower in the event of his death. This purpose is stated in the complaint in immediate connection with the reason for the purpose,—that he believed her to be guilty of infidelity. It would not be fraudulent to deprive an unfaithful wife of dower. But as it is altogether possible that a state of facts different from that stated in the complaint will appear on the trial, we deem it wise to postpone the discussion of this question.

There is error; the judgment of the Superior Court in sustaining the demurrer and dismissing the complaint is reversed, and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.