[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION TO DISMISS
In this action the guardian of a minor child, whose mother is deceased, is bringing a paternity action seeking to establish the defendant's paternity of such child.
The defendant moves to dismiss the action citing the absence of express statutory authority for a minor child or his or her guardian to initiate a paternity action.
The defendant accurately notes the statutory limits as to who may initiate paternity actions; C.G.S. § 46b-160 (mother or expectant money); C.G.S. § 46b-162 (action by state or town) and C.G.S. § 46b-172a [claim for paternity by putative father]. The statutory scheme is devoid of reference to an action by a child or her guardian. This is a disturbing scenario when one considers that it is the child's interest which is at stake; as it is the child who has the primary interest in establishing a relationship to its father.Pickett v. Brown, 462 U.S. 1, 16 n. 15 (1983).
This Court for the reasons set forth below, finds that CT Page 12881 the child's interest in establishing paternity is a fundamental state and federal constitutional liberty interest of the child. The common law recognizes this right and the judicial system must afford the child an opportunity to exercise and protect her interest.
It is well recognized that the interest of a parent in a child is a fundamental liberty interest. Stanley v. Illinois,405 U.S. 645, 651 (1972); Santosky v. Kramer, 455 U.S. 745,753 (1982); In re Juvenile Appeal (83-CD), 189 Conn. 276, 287
(1983) and In re Valerie D, 223 Conn. 492, 513 (1992). The converse, the interest of the child in the parent though less heralded is nonetheless a fundamental liberty interest of the child, In re Jessica M., 217 Conn. 459, 466 (1991), Cappettav. Cappetta, 196 Conn. 10, 14 (1985), McGaffin v. Roberts,193 Conn. 393, 400-01 (1984), Little v. Streater, 452 U.S. 1,13 (1981).
In addition to the fundamental liberty interest of the child in a relationship with her parent; Connecticut has recognized the substantial property, financial and health interests of a child in the creation of a parent-child relationship. Lavertue v. Niman, 196 Conn. 403, 408 (1985).
The illegitimate child also has an equal protection of the law argument which ensures his opportunity to initiate a paternity action. C.G.S. § 46b-215 recognizes the rights of a child to parental support and to initiate an action to obtain such support. The definition of "child" under § 46b-215
includes ". . . one born out of wedlock whose father has acknowledged in writing his paternity of such child or has been adjudged the father by a court of competent jurisdiction, or a child who was born before marriage whose parents afterwards intermarry . . ." Section 46b-215. Thus, legitimate children and those born out of wedlock where paternity has been established have the opportunity to enforce their right to support. It is a denial of the equal protection of the law for a state which grants to legitimate children the right to obtain parental support to deny that right to illegitimate children. Mills v. Hableutzel, 459 U.S. 91, 97
(1982). Similarly, in the instant case Connecticut would be denying a class of children (children born out of wedlock who have not established paternity) parental support, if it did not allow a child to initiate a paternity action. CT Page 12882
The child in this case gives concreteness to the vagaries of constitutional theory. Her mother is deceased, paternity has not been established. Denying this child the right to pursue the parent-child relationship that allegedly exists contravenes not only the law and public policy, but fundamental concepts of human decency.
In less glaring scenarios the child's distinct interest in initiating a paternity would also be clear. The issue of paternity is of paramount importance to the child, Palombo v.Gray, 208 Conn. 21, 37 (1988). The interest of the mother and child may be adverse. "The unwillingness of the mother to file a paternity action on behalf of her child, which could stem from her relationship with the natural father or, as the court points out from the emotional strain of having an illegitimate child, or even from the desire to avoid community and family disapproval. . . . The possibility of this unwillingness to file suit underscores that the mother's and child's interests are not congruent." Mills v. Hableutzel,456 U.S. 91, 105 (1982 O'Connor, concurring). Other jurisdictions have expressly recognized the child's independent right to determine paternity and support, R.M.H.v. Messick, 828 S.W.2d 226 (Tex.Ct.App., 1992), Johnson v.Hunter, 447 N.W.2d 871 (Minn. 1989), W.R.W. v. Bartholomew,Guardian ad litem for R.W.L., 341 N.W.2d 682, (Wis. 1984) andP.N.B. by J.L.S. v. J.L.D., 531 N.E.2d 1203 (Ind.App. 3 Dis. 1988). The latter decision even refused to apply res judicata to the child's paternity action following mother's unsuccessful paternity suit. Also, see E.I.B. v. J.R.B.,611 A.2d 662 (N.J. 1992).
In the absence of statutory authority, as in this case, other jurisdictions have afforded children the right to initiate and pursue paternity and support issues. Spada v.Pauley, 385 N.W.2d 746 (Mich.App. 1986), Ward v. Wyatt,475 So.2d 1332 (Fl. 1985), and Johnson v. Norman, 421 N.E.2d 124
(Ohio 1981).
If parents even when guilty of neglecting and/or abusing their child enjoy an enforceable and fundamental constitutional liberty interest in the care, custody and management of their child, Santasky v. Kramer, 455 U.S. 745,753 (1982), In re Valerie D., 229 Conn. 492, 513 (1992); surely, the law must afford the illegitimate child the right to assert a parent-child relationship and her right to CT Page 12883 parental support.
McWeeny, J.