[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Motion to Open is granted. The judgment was granted on June 13, 1988, Cohen, J. and the State of Tennessee secured payment for their public assistance in 1994, after the plaintiff and children relocated to Tennessee. This motion was made in late 1997, well after the Tennessee proceedings had been brought under URESA, and payments of a mere twenty-six ($26.00) dollars per week had been enforced.
The pleadings demonstrate that the plaintiff claimed that the CT Page 11006 two children were issue of the marriage and that was never contested until this Motion to Open was filed on August 8, 1997, with an Order to Show Cause for October 1, 1997, after which briefs were filed by the parties.
The defendant claims that the Motion to Open may be predicated on fraud and perjury, citing Freda v. Freda,30 Conn. Sup. 230 (1984).
The plaintiff agrees in concept, citing In re Baby Girl B.,224 Conn. 263, 283 (1992) and Hill v. Hill, 39 Conn. App. 258,264 (1995). However, plaintiff argues that the defendant cannot claim that he lacked knowledge of the question of the child's paternity when the child was born in 1983, or when he elected not to appear to contest the dissolution of the marriage in 1988. Thereafter, he continued to support the child and hold himself out as the father of this child. After the divorce and after the State of Tennessee made its claim, the defendant argues that he did not contest paternity because of the low order of support and that he considered the award to be for the benefit of his natural child.
His real motivation for making his motion is that support for the older of the two children is to terminate or has terminated. He objects to paying for the second child for an additional three (3) years.
The defendant claims fraud based upon her complaint listing the two children as "issue" of the marriage; and the fact that she proceeded, unopposed, to judgment without disclosing the fraud to the court.
He claims that she told him over the years that he was not the child's father, that he had no relationship with the child, and that she admitted to the State of Connecticut in 1997 that he was not the father of this child. While the court may have an interest in preserving family integrity, the court has no interest in continuing to sanction an admitted misrepresentation as to paternity. Freda, supra; Kenworthy v. Kenworthy,180 Conn. 129 (1980).
This court finds that the right of the child to knowledge and establishment of paternity supercedes any interest the court might have in preserving a judgment entered by default, and where clear and convincing evidence of fraud on the court is presented. CT Page 11007
This child's interest in preserving rights which grow from the biological father must take precedence even over a ten year old judgment of the court.
The judgment is reopened and the motion for genetic tests is granted.
ANNE C. DRANGINIS JUDGE, SUPERIOR COURT