[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff moves to set aside the judgment entered on January 7, 2002 when the court, Rittenband, J., granted summary judgment in favor of the defendants. The defendants object.
The defendants filed a motion for summary judgment on December 20, 2001 which appeared on the January 7, 2002 short calendar. On January 3, 2002, the defendants marked the motion ready by fax at 4:29 p.m in accordance with practice book § 11-18. On that date, the office of plaintiff's counsel closed early due to office maintenance problems, and counsel did not see the short calendar marking form until the next day. For some unexplained reason a staff member of that office had written "OFF" on the marking sheet and the attorney assigned to the case did not appear at the short calendar on January 7, 2002 to argue in opposition to the motion. Also, the plaintiff failed to file an opposition to the motion for summary judgment. Judge Rittenband granted the motion for summary judgment from the bench, stating his reasoning and citing supporting case law.
On February 5, 2002, the plaintiff filed the motion to set aside, which is the subject of this decision, and an opposition to the motion for summary judgment. Practice book § 174 governs the setting aside or opening of civil judgments and provides "any civil judgment or decree may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent." Our Supreme Court has held that this rule "vests discretion in the trial court to determine whether there is a good and compelling reason for the judgment's modification or vacation." Hirtle v. Hirtle, 217 Conn. 394,398 (1991). A motion to set aside should not be granted "readily, nor CT Page 5480 without strong reasons." Wildman v. Wildman, 72 Conn. 262, 270 (1899).
The plaintiff does not, in its motion to set aside, argue that there has been a change in the law or the facts since the date of the judgment to warrant its vacation or reconsideration. The plaintiff states no reason to set aside the judgment other than the fact that they inadvertently lost the opportunity to argue orally the motion for summary judgment. Practice book § 17-45 requires that "the adverse party shall at least five days before the motion is to be considered on the calendar file opposing affidavits and other available documentary evidence." The plaintiff admits that he had notice that the motion for summary judgment was on the short calendar for January 7, 2002, thus his opposition, in order to be considered by the court, had to be filed by Wednesday, January 2. The plaintiff argues, however, that he did not know that the motion was being marked ready and, therefore, he did not file an opposition to the motion. Following this reasoning, if the plaintiff had noted the ready marking when it was faxed, it still would have been too late to file an opposition. Therefore, having failed to comply with practice book § 17-45, even if plaintiff's counsel had been present at the short calendar to argue against the motion for summary judgment, said argument need not have been permitted.
The plaintiff has failed to show good cause as to why the judgment rendered in favor of the defendant on January 7, 2002 should be vacated. The motion to set aside is denied.
Sferrazza, J.