[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant father has moved to open the paternity acknowledgment in this case. His motion states: "Paternity — child is not mine, DNA test is needed to clear my name of this matter." The motion was served on the plaintiff on November 18, 2001. Counsel was appointed to represent the interests of the minor child. The matter was heard on the special assignment docket.
The child who is the subject of this motion, Micah James Johnson was born at St. Francis Hospital in Hartford on January 16, 2000 to the plaintiff mother. The plaintiff and the defendant purportedly signed an acknowledgment of paternity and affirmation the following day at the hospital.
The State initiated a support petition in December 2000 seeking a child support order for Micah. On February 26, 2001 both parties were present in court and filed financial affidavits and pro se appearances. The State proffered an uncertified photocopy of the purported hospital based acknowledgment. The court pursuant to a standing order in effect in the Hartford Judicial District declined to accept the uncertified photocopy. The matter was subsequently recalled and the State resubmitted the same document, with added new original signatures of both parties notarized in court. This was accepted as a completed acknowledgment. The court canvassed both parties, after which the document was filed in the court file. Thereafter support orders were entered requiring the defendant to pay $61.60 per week in current support plus $11.40 on the arrearage. Orders also entered regarding medical expenses and day care costs, all in conformity to the child support guidelines.
In August the case was before the court, Colella, F.S.M. on a contempt citation. At the hearing the defendant for the first time questioned paternity. The court granted a continuance at least in part to provide the defendant an opportunity to file a motion to open the acknowledgment. The motion was finally filed in November. CT Page 7045
 I
The paternity acknowledgment statute, General Statutes § 46b-172
provides that when an acknowledgment with affirmation of the mother are executed and filed it "shall be considered a legal finding of paternity without requiring or permitting judicial ratification, and shall be binding on the person executing the same. . . ." General Statutes §46b-172 (a)(1). The judgment obtained through the acknowledgment can only be opened within the rescission period, which is sixty days. General Statutes § 46b-172 (a)(2)(A). "An acknowledgment . . . may be challenged in court or before a family support magistrate after the rescission period only on the basis of fraud, duress or material mistake of fact which may include evidence that he is not the father, with the burden of proof upon the challenger."[1]
Thus the statute attempts to imbue acknowledged paternity with the same degree of finality as adjudicated paternity judgments. It is well established that "[o]ur courts favor finality in judicial decisions."Meinket v. Levinson, 193 Conn. 110, 113, 414 A.2d 454 (1984); Vogel v.Vogel, 178 Conn. 358, 362, 422 A.2d 271 (1979); Perkins v. Perkins,3 Conn. App. 322, 328, 487 A.2d 1117 (1985); Dawkins v. Nash, 15 S.M.D. ___ 7 Conn. Ops. 1302, 2001 Ct. Sup. 14254 (2001); Joseph v. Lilburn, 14 S.M.D. ___ 2000); Tirado v. Rivera, 13 S.M.D. 230, 238,1999 Ct. Sup. 15638
(1999); Yade v. Nagy, 4 S.M.D. 237 (1990); State of Florida v.Backlund, 2 S.M.D. 61, 71 (1988). "Public policy requires that a term be put to litigation and the judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown. . . ."Lampson Lumber Co. v. Hoer, 139 Conn. 294, 297, 93 A.2d 143 (1952);Drakeford v. Ward, 15 S.M.D. ___, 2001 Ct. Sup. 15865 (2001); White v.Cordier, 14 S.M.D. ___, 27 Conn.L.Rptr. 365, 2000 Ct. Sup. 6486 (2000);Pullen v. Cox, 9 S.M.D. 134, 137 (1995).
"The finality of judgment in family matters is crucial to our community's stability." Berry v. Berry, Superior Court, judicial district of Hartford/New Britain at Hartford, doc. no. FA91-0391459,1993 Ct. Sup. 22
(Steinberg, J. January 5, 1993); Joseph v. Lilburn, 14 S.M.D. ___ (2000). "The need for finality of judgment . . . must apply as much or more to cases where a young child for whom the passage of time which may seem short for an adult or teenager, can be almost an eternity to an infant, and work changes with substantial and irreversible effect." In reKelly S., Superior Court, juvenile matters, judicial district of Windham at Willimantic, doc. no. N90-159, 1991 Ct. Sup. 10450, 10464 (Teller, J. Dec. 5, 1991); In re Nathan and Michael G., Superior Court, juvenile matters, judicial district of Windham at Willimantic,1993 Ct. Sup. 9953, 9967 (Brenneman, J. Nov. 17, 1993); In re Mark and Amy C., Superior Court, juvenile matters, judicial district of New London at Montville, CT Page 70461991 Ct. Sup. 7960, 10464 (R. Walsh, J. Sept. 24, 1991); In re JesusLugo, Superior Court, juvenile matters, judicial district of Hartford/New Britain at Plainville, 1990 Ct. Sup. 878, 887 (Brenneman, J. Aug. 24, 1990).
In this case, the acknowledgment form includes a waiver of rights which states the following inter alia: "I waive my rights to a trial, a lawyer to represent me, and a genetic test to determine paternity. I have read, and have had read and explained to me, the rights and responsibilities on the back of this form and I understand the contents. I have had the opportunity to ask questions before I signed this form." The statutory language makes the document itself the equivalent of a court judgment "without requiring or permitting judicial ratification." "The legislative scheme precludes the opportunity for a court canvass." Martin v.Harrell, 16 S.M.D. ___ (2002); Martinez v. Collins, 15 S.M.D. ___ (2001). Notwithstanding the prohibition the court canvassed both parties regarding the acknowledgment at the hearing on the support petition. The defendant clearly waived his right to a DNA test and confirmed his voluntary signing of the acknowledgment[2].
It is also noteworthy that both parties actually executed the acknowledgment twice, over a year apart. An acknowledgment of paternity was signed at St. Francis Hospital in Hartford on January 17, 2000, the day after Micah's birth. When the support petition came to court, only a photocopy of the document was presented which the court refused to accept. The State requested that the parties re-execute the document, which they did non the actual photocopy. Thereafter, because the document now bore original signatures and jurat the court accepted it. It is significant that while the first signature on the photocopy could be excused has having been executed in the excitement of the moment given that the child was just born, the re-execution in court over thirteen months later must be viewed as a dispassionate and knowing act.
Thus the defendant has twice, in writing, and once more, under oath in court, waived the very rights he now asserts. The court finds that the defendant has failed to sustain his burden of proof. The waiver of his right to counsel and genetic testing was valid.
 II
The paternity acknowledgment statute precludes review of a filed acknowledgment after sixty days or upon entry of a support order. The section provides that after this period of time the acknowledgment "may be challenged in court or before a Family Support Magistrate . . . only on the basis of fraud, duress or material mistake of fact which may include evidence that he is not the father. . . ." General Statutes CT Page 7047 § 46b-172 (a)(2); Veilleux v. Burski, 14 S.M.D. ___ (2000); Whitev. Cordier, 14 S.M.D. ___ 27 Conn.L.Rptr. 365 (2000); see also Yeong GilKim v. Magnotta, 49 Conn. App. 203, 209, 714 A.2d 38 (1998); Solomon v.Keiser, 22 Conn. App. 424, 577 A.2d 1103 (1990); McDonnell v. McDonnell, Superior Court, judicial district of Hartford, doc. No. FA94-0535761 (February 2, 1999, Bishop, J.).
The moving party bears the burden of proof. Connell v. Colwell,214 Conn. 242, 571 A.2d 116 (1990); Alaimo v. Royer, 188 Conn. 36, 39,448 A.2d 207 (1982); Lopinto v. Haines, 185 Conn. 527, 534, 441 A.2d 151
(1981); DeLuca v. C.W. Blakeslee Sons, Inc., 174 Conn. 535, 546,391 A.2d 170 (1978); T.O. Richardson Co. v. Brockbank, Superior Court, judicial district of Hartford/New Britain at Hartford, doc. no. 703826 (March 23, 1995, Sheldon, J.); Gatling v. Gatling, Superior Court, judicial district of Waterbury, doc. no. 52272, 1990 Ct. Sup. 801 (Aug. 9, 1990, Harrigan, J.); Pullen v. Cox, 9 S.M.D. 134, 138 (1995).
A motion to open "is not to be granted readily, nor without strong reasons, it may and ought to be when there appears cause for which the court, acting reasonably would feel . . . bound in duty to do so."McCulloch v. Pittsburgh Plate Glass Co., 107 Conn. 164, 167, 140 A. 114
(1927); Wildman v. Wildman, 72 Conn. 262, 270, 44 A. 224 (1899)."The acknowledgment statute would be rendered meaningless if despite full knowledge of the possibility of genetic tests and a contested trial a respondent could [easily challenge paternity]." Joseph v. Lilburn, 14 S.M.D. ___ (2000).
Extensive analysis of the basis for opening this judgment is not necessary in this case. Beyond expressing suspicion of paternity and his hope to obtain a DNA test, the defendant has provided no evidence of any factual basis to grant the motion.
 III
"It can no longer be disputed that the minor child . . . has a separate and distinct interest in the outcome of this motion." Pullen v. Cox, 9 S.M.D. 134, 145 (1995). Connecticut has long recognized that children have a separate and independent interest in family relations matters. Inre Bruce R., 234 Conn. 209-210; Nye v. Marcus, 198 Conn. 138, 502 A.2d 869
(1985); Guille v. Guille, 196 Conn. 260, 492 A.2d 175 (1985); Salvio v.Salvio, 186 Conn. 311, 441 A.2d 190 (1982); Yontef v. Yontef,185 Conn. 275, 440 A.2d 899 (1981). Our Supreme Court has held that minor children even may appeal an order regarding their own support in the absence of a guardian ad litem, if the trial court finds that it is in their best interests to do so. Newman v. Newman, 235 Conn. 82, 663 A.2d 980
(1995). CT Page 7048
The right of the child to knowledge of his parentage is among the factors to be weighed in opening a judgment. Andrews-White v. Mitchell,15 Conn.L.Rptr. 629, 1995 Ct. Sup. 12880 (McWeeny, J. Nov. 13, 1995);Lillibridge v. Lillibridge, Superior Court, Judicial District of Hartford, doc. No. FA89-0356816 (Dranginis, J., October 21, 1998)[3];Culbreath v. Agnew, 16 S.M.D. ___ (Colella, F.S.M, Mar. 14, 2002);Colangelo v. Hunter, 15 S.M.D. ___ 2001 Ct. Sup. 16693 (Colella, F.S.M, 2001); Dawns v. Nash, 15 S.M.D. ___, 7 Conn. Ops. 1302,2001 Ct. Sup. 14254
(Colella, F.S.M., 2001); Anderson v. Bailey, 15 S.M.D. ___ (Burt, F.S.M., Feb. 14, 2001); Taylor v. Martin, 14 S.M.D. ___,26 Conn.L.Rptr. 404
(2000); McNealy v. Dancy, 13 S.M.D. 107, 113, 1999 Ct. Sup. 12793
(1999); Cardona v. Negron, 13 S.M.D. 133, 142, 1999 Ct. Sup. 10847
(Matasavage, F.S.M, 1999). In opening a ten year old dissolution judgment to allow genetic tests, the court, Dranginis, J., held "that the right of the child to knowledge and establishment of paternity supercedes any interest the court might have in preserving a judgment entered by default. . . . This child's interest in preserving rights which grow from the biological father must take precedence even over a ten year old judgment of the court." Johnson v. Domina, Superior Court, Judicial District of Hartford, doc. No. FA88-0340848, 1998 Ct. Sup. 11005 (Sep. 24, 1998).
Financial support is linked to the best interests of a minor child. "Connecticut child support enforcement legislation clearly evinces a strong state policy of ensuring that minor children receive the support to which they are entitled." In re Bruce R., 234 Conn. 194, 209,662 A.2d 107 (1995). Support is one of the "best interest" considerations the court must consider. Id., 210-12; In Interest of K.J.K.,396 N.W.2d 370. 371-72 (Iowa App. 1986); In Interest of A.B.,151 Wis.2d 312, 322, 444 N.W.2d 415 (Wis.App. 1989).
The attorney for Micah argues that the motion should be denied. The attorney is the only person at the hearing whose sole interest is the rights of the child. Although this child is quite young and thus unlikely to suffer any signifcant consequences of paternity being changed at this time, the attorney opposes the motion. There is no evidence either way as to the present degree of bonding between father and child. Accordingly the court has no basis to conclude that opening the judgment would be consistent with the best interests of this child.
The defendant has not proved grounds to avoid the time limitation precluding opening the paternity acknowledgment. Accordingly, the motion to open the paternity acknowledgment is denied.
BY THE COURT CT Page 7049
 Harris T. Lifshitz Family support Magistrate
1
 APPENDIX PARTIAL TRANSCRIPT
MR. SAMELOT: Cypcyone Smith, I'm showing you an acknowledgment of paternity for Makaya (phonetic) Johnson. Do you know whose signature appears just below the mother's affirmation?
MISS SMITH: That is my signature.
MR. SAMALOT: Okay. And that's dated today's date?
MS. SMITH: Yes, it is.
MR. SAMALOT: Mr. Romaine Johnson, I'm showing you the same copy of acknowledgment of paternity for Makaya Johnson. Do you know whose signature appears just above the father's acknowledgment?
MR. JOHNSON: Yes.
MR. SAMALOT: And whose signature is that?
MR. JOHNSON: That's my signature.
MR. SAMALOT: Okay. And that's dated today as well?
MR. JOHNSON: Yes.
MR. SAMALOT: Do you have any objection for this document going into the court file?
MR. JOHNSON: No.
MR. SAMALOT: Ma'am?
MS. SMITH: No, I don't.
THE COURT: Mr. Johnson, do you understand what — what — what it is that you signed?
MR. JOHNSON: Yes, I do. CT Page 7050
2
THE COURT: And do you understand that by signing this you lose any right to contest paternity of this child?
MR. JOHNSON: Yes, I do.
THE COURT: And do you understand that you give up your right to a DNA test and to an attorney?
MR. JOHNSON: Yes, I do.
THE COURT: And to a trial?
MR. JOHNSON: Yes, I do.
THE COURT: And did anybody promise you anything or force you to sign this document?
MR. JOHNSON: Nobody did.
THE COURT: And did you sign it because it is your statement under oath that you're the father of the child Mika (phonetic)?
MR. JOHNSON: Yes.
THE COURT: And Miss Smith, you signed this as well?
MISS SMITH: Yes.
THE COURT: And do you understand that you give up rights by signing this as well?
MISS SMITH: Yes.
THE COURT: And do you understand that among those rights you give up the right to contest that this gentleman is the father of your child, Mika?
MISS SMITH: Yes, I do.
3
THE COURT: And you understand that he has a right to claim visitation or even custody as a result of this document? CT Page 7051
MISS SMITH: Yes.
THE COURT: All right. The duplicate original acknowledgment may be filed in the court file presently before the Court, and the Court may proceed on the support.