[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The defendant father has moved to open the paternity acknowledgment in this case. His motion states: "I was told by Erycka Walton that Eryn Hunter Douglas was not my son and Douglas isn't his last name." Counsel was appointed to represent the interests of the minor child. The matter CT Page 7172 was heard on the special assignment docket.
The child who is the subject of this motion was born in Hartford on February 24, 2000 to the plaintiff mother. The State of Connecticut brought this paternity action seeking to establish parentage of the baby and obtain a support order. The plaintiff and the defendant both appeared in court for the hearing on August 8, 2000 and signed an acknowledgment of paternity and affirmation. The document was proffered to the court in conclusion of the pending paternity action. After a canvass of both parties, the court accepted the document and entered a judgment of paternity[1].
 I
There is no specific statute relating to opening of an adjudicated paternity judgment. Mackey v. Moore, 16 S.M.D. ___ (2002); McNealy v.Dancy, 13 S.M.D. 107, 118, 1999 Ct. Sup. 12793 (1999). A movant must rely on provisions for opening any civil judgment. "These provisions allow a four month window from the date of judgment within which such a motion may be brought." In re Jonathan M., 255 Conn. 208, 237, 764 A.2d 739
(2001); Drakeford v. Ward, 15 S.M.D. ___ (Lifshitz, F.S.M., Nov. 7, 2001).
General Statutes § 52-212a and Practice Book § 17-4 provide a four month time period during which the judgment may be set aside "The trial court lacks jurisdiction to entertain a motion to open the judgment filed outside that four month period." Bufferd v. Yost, 51 Conn. App. 1,3, 719 A.2d 487 (1998); Ziruk v. Bedard, 45 Conn. App. 137, 139,695 A.2d 4, cert. denied, 243 Conn. 905, 701 A.2d 339 (1997); Serrano v.Behar, 15 Conn. App. 308, 311, 544 A.2d 250 (1988)[2].
The paternity acknowledgment statute, General Statutes § 46b-172
provides that when an acknowledgment with affirmation of the mother are executed and filed it "shall be considered a legal finding of paternity without requiring or permitting judicial ratification, and shall be binding on the person executing the same. . . ." General Statutes §46b-172 (a)(1). The judgment obtained through the acknowledgment can only be opened within the rescission period, which is sixty days. General Statutes § 46b-172 (a)(2)(A). "An acknowledgment . . . may be challenged in court or before a family support magistrate after the rescission period only on the basis of fraud, duress or material mistake of fact which may include evidence that he is not the father, with the burden of proof upon the challenger."[3]
It is well established that "[o]ur courts favor finality in judicial decisions." Meinket v. Levinson, 193 Conn. 110, 113, 414 A.2d 454
CT Page 7173 (1984); Vogel v. Vogel, 178 Conn. 358, 362, 422 A.2d 271 (1979); Perkinsv. Perkins, 3 Conn. App. 322, 328, 487 A.2d 1117 (1985); Dawkins v.Nash, 15 S.M.D ___ 7 Conn. Ops. 1302, 2001 Ct. Sup. 14254 (2001); Josephv. Lilburn, 14 S.M.D ___ (2000); Tirado v. Rivera, 13 S.M.D. 230, 238,1999 Ct. Sup. 15638 (1999); Yade v. Nagy, 4 S.M.D. 237 (1990); State ofFlorida v. Backlund, 2 S.M.D. 61, 71 (1988). "Public policy requires that a term be put to litigation and the judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown. . . ." Lampson Lumber Co. v. Hoer, 139 Conn. 294, 297,93 A.2d 143 (1952); Drakeford v. Ward, 15 S.M.D. ___, 2001 Ct. Sup. 15865
(2001); White v. Cordier, 14 S.M.D. ___, 27 Conn.L.Rptr. 365,2000 Ct. Sup. 6486 (2000); Pullen v. Cox, 9 S.M.D. 134, 137 (1995).
"The finality of judgment in family matters is crucial to our community's stability." Berry v. Berry, Superior Court, judicial district of Hartford/New Britain at Hartford, doc. no. FA91-0391459,1993 Ct. Sup. 22
(Steinberg, J. January 5, 1993); Joseph v. Lilburn, 14 S.M.D. ___ (2000). "The need for finality of judgment . . . must apply as much or more to cases where a young child for whom the passage of time which may seem short for an adult or teenager, can be almost an eternity to an infant, and work changes with substantial and irreversible effect." In reKelly S., Superior Court, juvenile matters, judicial district of Windham at Willimantic, doc. no. N90-159, 1991 Ct. Sup. 10450, 10464 (Teller, J. Dec. 5, 1991); In re Nathan and Michael G., Superior Court, juvenile matters, judicial district of Windham at Willimantic,1993 Ct. Sup. 9953, 9967 (Brenneman, J. Nov. 17, 1993); In re Mark and Amy C., Superior Court, juvenile matters, judicial district of New London at Montville,1991 Ct. Sup. 7960, 10464 (R. Walsh, J. Sept. 24, 1991); In re JesusLugo, Superior Court, juvenile matters, judicial district of Hartford/New Britain at Plainville, 1990 Ct. Sup. 878, 887 (Brenneman, J. Aug. 24, 1990).
The acknowledgment form utilized includes a waiver of rights which states the following inter alia: "I waive my rights to a trial, a lawyer to represent me, and a genetic test to determine paternity. I have read, and have had read and explained to me, the rights and responsibilities on the back of this form and I understand the contents. I have had the opportunity to ask questions before I signed this form."
The back of the form[4] states even more explicit warnings: "You do not have to sign the Acknowledgment of Paternity. You should sign only if you are sure you are the father of the child. . . . You have the right to deny paternity and to have a trial by the Superior Court or a Family Support Magistrate. . . . You have the right to speak with an attorney . . . if you cannot afford an attorney, you can ask the court to appoint one for you. . . . You have a right to a genetic (DNA) test to determine CT Page 7174 paternity. . . ."
Additionally, at the hearing, the court canvassed both parties regarding the acknowledgment. The defendant clearly waived his right to counsel, to a DNA test and confirmed his voluntary signing of the acknowledgment[5]. At the hearing on the motion to open, the defendant testified that he recalled both the oral and written advisements and waivers and clearly understood them. Transcript, 1/19/2002, 8-9.
The situation here is quite similar to the recently decided caseSmith v. Johnson, 16 S.M.D. ___ (2002). The defendant has waived the very rights he now asserts, in writing, and once more, under oath in court. He now wishes to revoke his waiver on the basis of a single statement by the plaintiff uttered in the heat of an argument. He states that he puts such import on the statement because "I know this woman for 15 years and for her to say something like that to me, how am I not going to believe her?" Transcript, 1/19/2002, 9.
The plaintiff admits that she told the defendant that he was not the father, but claims that she did this only once, out of anger during an argument. She insists that her original naming of the defendant was truthful, and remains truthful. He does not explain why he does not believe this statement. When given the opportunity to cross-examine the plaintiff, he concentrated on questions regarding their previous relationship which were not material to the issue of parentage or the credibility of the plaintiffs testimony.
After the expiration of the four month time period the paternity judgment may be challenged only on the basis of fraud, duress or material mistake of fact which may include evidence that he is not the father. see also Yeong Gil Kim v. Magnotta, 49 Conn. App. 203, 209, 714 A.2d 38
(1998); Solomon v. Keiser, 22 Conn. App. 424, 577 A.2d 1103 (1990);McDonnell v. McDonnell, Superior Court, judicial district of Hartford, doc. No. FA94-0535761 (February 2, 1999, Bishop, J.); Veilleux v.Burski, 14 S.M.D. ___ (2000); White v. Cordier, 14 S.M.D. ___,27 Conn.L.Rptr. 365 (2000).
The moving party bears the burden of proof. Connell v. Colwell,214 Conn. 242, 571 A.2d 116 (1990); Alaimo v. Royer, 188 Conn. 36, 39,448 A.2d 207 (1982); Lopinto v. Haines, 185 Conn. 527, 534, 441 A.2d 151
(1981); DeLuca v. C.W. Blakeslee Sons, Inc., 174 Conn. 535, 546,391 A.2d 170 (1978); T.O. Richardson Co. v. Brockbank, Superior Court, judicial district of Hartford/New Britain at Hartford, doc. no. 703826 (March 23, 1995, Sheldon, J.); Gatling v. Gatling, Superior Court, judicial district of Waterbury, doc. no. 52272, 1990 Ct. Sup. 801 (Aug. 9, 1990, Harrigan, J.); Pullen v. Cox, 9 S.M.D. 134, 138 (1995). CT Page 7175
A motion to open "is not to be granted readily, nor without strong reasons, it may and ought to be when there appears cause for which the court, acting reasonably would feel . . . bound in duty to do so."McCulloch v. Pittsburgh Plate Glass Co., 107 Conn. 164, 167, 140 A. 114
(1927); Wildman v. Wildman, 72 Conn. 262, 270, 44 A. 224 (1899). "The acknowledgment statute would be rendered meaningless if despite full knowledge of the possibility of genetic tests and a contested trial a respondent could [easily challenge paternity]." Joseph v. Lilburn, 14 S.M.D. ___ (2000).
Extensive analysis of the basis for opening this judgment is not necessary in this case. The defendant's claim is based on suspicions aroused by the one exclaimation of the plaintiff in anger and by his chagrin at his confusion over the surname borne by the child[6]. of paternity and his hope to obtain a DNA test, the defendant has provided no evidence of any factual basis to grant the motion. The court finds that the defendant has failed to sustain his burden of proof. The waivers of his right to counsel and genetic testing were valid. The defendant has failed to prove by clear and convincing evidence that there are any grounds to disturb the judgment.
 II
"It can no longer be disputed that the minor child . . . has a separate and distinct interest in the outcome of this motion." Pullen v. Cox, 9 S.M.D. 134, 145 (1995). Connecticut has long recognized that children have a separate and independent interest in family relations matters. Inre Bruce R., 234 Conn. 209-210; Nye v. Marcus, 198 Conn. 138, 502 A.2d 869
(1985); Guille v. Guille, 196 Conn. 260, 492 A.2d 175 (1985); Salvio v.Salvio, 186 Conn. 311, 441 A.2d 190 (1982); Yontef v. Yontef,185 Conn. 275, 440 A.2d 899 (1981). Our Supreme Court has held that minor children even may appeal an order regarding their own support in the absence of a guardian ad litem, if the trial court finds that it is in their best interests to. do so. Newman v. Newman, 235 Conn. 82,663 A.2d 980 (1995).
The right of the child to knowledge of his parentage is among the factors to be weighed in opening a judgment. Andrews-White v. Mitchell,15 Conn.L.Rptr. 629, 1995 Ct. Sup. 12880 (McWeeny, J. Nov. 13, 1995);Lillibridge v. Lillibridge, Superior Court, Judicial District of Hartford, doc. No. FA89-0356816 (Dranginis, J., October 21, 1998)[7];Culbreath v. Agnew, 16 S.M.D. ___ (Colella, F.S.M., Mar. 14, 2002);Colangelo v. Hunter, 15 S.M.D. ___ 2001 Ct. Sup. 16693 (Colella, F.S.M., 2001); Dawns v. Nash, 15 S.M.D. ___ 7 Conn. Ops. 1302,2001 Ct. Sup. 14254
(Colella, F.S.M., 2001); Anderson v. Bailey, 15 S.M.D. ___ (Burt, CT Page 7176 F.S.M., Feb. 14, 2001); Taylor v. Martin, 14 S.M.D. ___,26 Conn.L.Rptr. 404
(2000); McNealy v. Dancy, 13 S.M.D. 107, 113, 1999 Ct. Sup. 12793
(1999); Cardona v. Negron, 13 S.M.D. 133, 142, 1999 Ct. Sup. 10847
(Matasavage, F.S.M., 1999). In opening a ten year old dissolution judgment to allow genetic tests, the court, Dranginis, J., held "that the right of the child to knowledge and establishment of paternity supercedes any interest the court might have in preserving a judgment entered by default. . . . This child's interest in preserving rights which grow from the biological father must take precedence even over a ten year old judgment of the court." Johnson v. Domina, Superior Court, Judicial District of Hartford, doc. No. FA88-0340848, 1998 Ct. Sup. 11005 (Sep. 24, 1998).
Financial support is linked to the best interests of a minor child. "Connecticut child support enforcement legislation clearly evinces a strong state policy of ensuring that minor children receive the support to which they are entitled." In re Bruce R., 234 Conn. 194, 209,662 A.2d 107 (1995). Support is one of the "best interest" considerations the court must consider. Id., 210-12; In Interest of K.J.K.,396 N.W.2d 370. 371-72 (Iowa App. 1986); In Interest of A.B.,151 Wis.2d 312, 322, 444 N.W.2d 415 (Wis.App. 1989).
The attorney for Eryn argues that the motion should be denied. The attorney is the only person at the hearing whose sole interest is the rights of the child. Although this child is quite young and thus unlikely to suffer any signifcant consequences of paternity being changed at this time, the attorney opposes the motion. There is some degree of bonding between father and child. The attorney believes that the one statement was made in anger and no other evidence has been submitted tending to cast doubt on parentage. The court has no basis to conclude that opening the judgment would be consistent with the best interests of this child.
The defendant has not proved grounds to avoid the time limitation precluding opening the paternity acknowledgment. Accordingly, the motion to open the paternity acknowledgment is denied.
BY THE COURT
 Harris T. Lifshitz Family Support Magistrate